GILLESPIE v. DEW.

Trespass for cutting timber may be maintained by one having title without actual possession, no one being in the actual possession.

In Greene Circuit Court, James Gillespie declared in trespass against Duncan Dew that, the defendant broke and entered his close, and cut down and carried away sun-

JULY 1827.

Gillespie
v.
Dew.

dry timber trees, &c. General issue. Verdict and judge-ment for defendant. On the trial the plaintiff proved title to the land, and that the defendant had cut timber thereon and carried it away, while the plaintiff was so entitled. It was proved that the plaintiff resided about twenty miles from the land. It did not appear that any one was in actual possession when the timber was cut, &c. The Circuit Court charged the jury that, unless the evidence shewed that the plaintiff by himself or agent, was in actual possession of the land, when the trespass was committed, they must find for the defendant. To which the plaintiff excepted, and here assigned this matter as error.

PICKENS and COLLIER, for plaintiff, cited authorities in support of the assignment of error. [a]

*a* 11 Johnson 385, 569. 12 Id 184. 8 Id. 432. 4 Day 306  2 Hayw. 402. 1 Chy. P. 133. Note 2 Car. Law R, 89.

R. E. B. BAYLOR, for defendant.

JUDGE WHITE delivered the opinion of the Court,

THE charge was in accordance with the English authorities, and with the decisions in some of the States of the Union. But in North Carolina, New-York and Connecticut, it has been held that, where there is no adverse possession, he who has title, though he has never been in actual possession, may maintain the action of trespass.

The situation of our country requires this modification of the English doctrine. In England, almost all the lands are occupied, but here, the proprietor often lives at a great distance from some of his lands which are not occupied by tenants, and unless they can maintain this action, they must be denied an important remedy for injuries to their property. Their right to this remedy is sustained by the strong argument of convenience, and by the respectable authorities referred to by the counsel for the plaintiff.

We are of opinion that, where there is no adverse possession, the title draws with it constructive possession, so as to sustain the action of trespass. Let the judgement be reversed and the cause be remanded.

JUDGE GAYLE not sitting.