## BLEVINS v. COLE.

1. A purchaser of land from the United States, may maintain an action of *trespass quare clausum fregit* to recover damages for injury done to the premises after his purchase, and previous to his possession, and this after the abandonment of the land by the *squatter*.

Error to the Circuit Court of Walker County.

THIS was an action of trespass, to recover damages for entering the plaintiff's close, brought in the court below by the defendant in error, against the plaintiff in error; on the plea of not guilty, the plaintiff below had judgment. From a bill of exceptions, taken during the trial of the cause, in the court below, it appears that the plaintiff below produced the certificate of the Receiver of the Land Office, at Huntsville, dated, February, 1837—to show title in him, and proved, that the defendant below, was in possession of the land, and cultivated it during that year, and the year previous as public land. The plaintiff below demanded possession of the land, which was refused, but the defendant below, afterwards abandoned the land, and the plaintiff took possession in the spring of 1838. The defendant below was not in possession, when this suit was brought, nor was there any evidence of his committing any trespass whatever on the land, except by cultivating it, as before stated.

On this testimony the defendant below, moved the court to charge the jury, that, if they believed from the evidence, that the plaintiff was not in possession of the land, at the time the trespass was alleged to have been committed, and never had been at any time previous, the plaintiff could not recover; which charge the court refused to give; and charged the jury, that the mere title, which the plaintiff derived from his certificate of entry, was sufficient to enable him to recover damages for the

Blevins v. Cole.

continued possession and cultivation of the land, after the date of the plaintiff's certificate of entry; notwithstanding the defendant had abandoned the premises, and the plaintiff had taken possession before the commencement of the suit; to which refusal and charge the defendant excepted.

From this judgment, a writ of error is prosecuted by the defendant below; who now assigns for error, the matters of law arising out of the bill of exceptions.

PECK, for the plaintiff in error.

ORMOND, J.—The motion of the plaintiff in error for a charge to the jury, presents the question, whether *trespass quare clausum fregit* can be maintained to recover damages without a previous possession.  It has been repeatedly held in this court, that a title derived from the United States, would support the action of *trespass quare clausum fregit* against a trespasser, and this is conceded: but it is insisted that no action can be maintained on the title of the Government, to recover damages *merely* after abandonment by the *squatter*, and possession obtained by the purchaser from the United States.

The court below charged the jury, that such was not the law; and of that opinion is this court.

By the purchase from the government, the purchaser became invested with all the title of the United States; and the occupation and culture of the land after such purchase, was a trespass against the purchaser.  Can compensation for this injury, be avoided by. the abandonment of the premises before suit is brought?  It is very clear that it cannot.  If the possession had been recovered by suit, damages would also have been recovered for the injury done to the premises up to the trial of the cause, and it would be strange, if the right could be defeated by the mere abandonment of the possession.  The plaintiff was entitled to recover for the *actual* injury done to the land, by the cutting down the timber; for injury done to the buildings or fences; injuring the soil; treadingdown the grass, &c., after his purchase from the United States, and this is the appropriate action for that purpose.

The principle of the case of Gillespie v. Dew, 1st, Stewart, 227, is in point. The plaintiff in error, being a trespassor on the lands of the government, his possession, could not be adverse to the title derived from the government.

The judgment of the court below is therefore affirmed.