## M^cCALEB, use, &c. v. PRICE.

1. A promise to pay a sum of money for the delivery of a valuable paper, to which the person in possession has no claim, but which belongs to another, cannot be enforced.   Nor will it vary the case, that the note which was given for the production of the paper, was made payable to a third person.

Writ of Error to the Circuit Court of Fayette.

This was a suit commenced by the plaintiff in error, before a justice of the peace, and removed by appeal to the circuit court.   The cause of action is a promissory note, by which the defendant, on the 27th October, 1840, promised to pay to the plaintiff the sum of thirty-five dollars, on the 25th December thereafter.   From a bill of exceptions sealed at the plaintiff's instance, on the trial in the circuit court, it appears that a man named Spencer was in possession of a deed executed many years previously, by which the grand-father of the defendant's wife gave her an estate in remainder in a slave, and the defendant proposed to pay him thirty-five dollars, to be secured by a promissory note, if he would deliver him the deed.   Spencer being about to write the note, asked the defendant, if he would make it payable to the plaintiff; to which the defendant assented, and made the note sued on by subscribing his mark, as he could not write.   When the deed was executed, it was delivered to Mrs. Price's father—her mother having an estate for her own life in the slave. How the deed was obtained by Spencer, was unknown to the parties interested in, or to whom it was delivered.   The donor's signature was torn off the deed, when the defendant received it from Spencer, but how or by whom, did not appear.   It was also shown that the defendant could not read, and that Spencer was an illegitimate son of the donor.   Upon this evidence, the charge of the court was adverse to the

McCaleb, use, &c. v. Price.

plaintiff's right to recover, a verdict was returned for the defendant, and judgment was rendered accordingly.

B. W. HUNTINGTON, for the plaintiff in error, cited 12 Ohio, 354; 1 Bailey's Rep. 355, 597; 32 Eng. Com. L. Rep. 39, 294; 2 Stewt. Rep. 479.

P. MARTIN, for the defendant in error.

COLLIER, C. J.—If a paper or other thing of value is lost, or even stolen, it is certainly competent for the party entitled to it, to undertake to pay a reward to any one who may find and return it. But such is not the case before us. Here, a party is in the possesion of a valuable paper, to which he has no claim, but to which another is entitled—and the fairness of the manner in which he acquired possession, is even questionable. . Under such circumstances, it cannot be endured that he shall stipulate for the payment of a sum of money as an inducement for its restoration to the proper custody. An enlightened morality, and the dictates of honesty denounce such a contract, and the law cannot lend its sanction to enforce it. *Besides*, if it were not thus obnoxious, it may be asked upon what consideration does the promise to pay, rest. The delivery of the deed to the defendant, or the donee of the interest for life, was nothing more than what duty enjoined, even if the possession had been fairly acquired. Spencer had no claim upon it, either legal . or moral, for money, time, or labor expended in obtaining it, for the defendant; and he cannot be allowed to make a profit to himself.

There is no proof that the payee gave Spencer any consideration for the note, or was aware that it was payable to him, until after it was made ; there does not appear to have been any conversation between himself and the defendant previous to the maturity of the note. In view of the circumstances of the case, it cannot be intended that the plaintiff occupies a position which places him above or beyond the defence relied on. If the plaintiff had, by an arrangement between the parties, substituted the defendant for his debtor, instead of Spencer, then perhaps the defendant would be precluded from setting up the fraud of Spencer, or the want of

a consideration ; but the proof is at fault upon this point. A promise by the defendant, after the maturity of the note would not avail any thing, as it would be gratuitous. [1 Ala. Rep. 622.] The proof, however, does not show such a promise, but nothing more than a declaration by the defendant after the note became due, that he would *take his own time to pay it.*

The facts then, establish the want of a consideration between the defendant and Spencer, and there is nothing in the record to relieve the plaintiff from the influence to which in law they are entitled. The charges of the circuit court are perhaps obnoxious to criticism, but they are substantially correct ; consequently, the judgment is affirmed.