## Mason v. Lewis *et al.*

Where a verdict cannot be legally warranted by the evidence, without setting it aside ; or where the pleadings are so defective as to justify an arrest of judgment, the court may order the plaintiff to be nonsuited ; but not where there is even doubt as to sufficiency of evidence.

When a nonsuit is either voluntary or ordered by the court, the plaintiff may recommence his action.

The plaintiff having the right of property and of immediate possession, he may maintain the action of trespass for a direct injury upon the estate, though not in actual possession.

ERROR, *to Linn District Court.*

*P. Smith,* for the plaintiff in error.  The court cannot compel the plaintiff to submit to a nonsuit, after the evidence

---

[1] See *Dilts* v. *Zeigler*, ante, 164.

has gone to the jury. 1 Peters, 471, 476; *People* v. *Brown*, 3 Gilman, 88; *Amos* v. *Sinnott*, 4 Scam. 447 ; *Booe* v. *Davis*, 5 Blackf. 115.

The court erred in deciding that trespass and not case was the proper remedy. The bill of exceptions shows affirmatively that the plaintiff had title, and that he never had possession. Trespass is an injury to the possession, and this possession must be immediate, at the time of the injury. 2 Phillips' Ev. 184 ; 3 Starkie's Ev. 1435. Proof of title is not sufficient; 1 Lord Raymond, 367; and especially when there is an adverse possession. *Van Brunt* v. *Schenck*, 11 John. 385 ; 4 Day, (Conn.) 306; 6 Mass. 513, 592 ; 9 John. 61; 11 ib. 567 ; 12 ib. 183; 17 Mass. 299. The court will please keep in mind that the bill of exceptions shows that plaintiff was not, and never had been in possession.

Case is the only proper remedy where plaintiff is out of possession. The plaintiff by his purchase acquired title to the crops, fences, and everything growing upon the land ; and can maintain an action on the case for a tortious conversion of such fences or crops. In *Boyer* v. *Williams*, 5 Miss. 335, trover, which is a species of action on the case, was maintained for converting wheat under such circumstances. Why then deny the remedy for converting the rails taken out of the fence ? The rails in the fence became the property of the plaintiff by the entry, and so did the wheat. *Rasor* v. *Qualls*, 4 Blackf. 286.

If the plaintiff had been in possession, he would have had his election to bring either trespass or case, as the injury in carrying off the rails would have been by force, and the damage done by exposing the crops would have been consequential. In all such cases the plaintiff will not be driven to bring two actions, but he can make his election to bring either *trespass* or *case*. *McAllister* v. *Hammond*, 6 Cowen, 342.

This principle is carried so far in many of the books, as to permit the plaintiff to waive the tort altogether, and sue in

---

---

assumpsit. And I think that to lay down so stringent a rule as is here sought to be established by defendant, to govern proceedings before a justice of the peace, would be subversive of the ends of justice, and an innovation upon the common law, requiring more nicety and technicality before such courts than has ever been observed in courts of record.

*W. G. Woodward,* for the defendant. To the first assignment of errors the defendant says, that when the decision of the court is upon the ground that the action is wrongly brought, *e. g.* case for trespass, it being a question of law, the court can order judgment "as in case of nonsuit."

In what other manner can such a matter be disposed of? Go to the jury, merely for the court to instruct them that the action is wrong! It is not like the case where the evidence may be doubtful.

As to the second assignment, I cite our early reading. 1 Chit. Pl. 143 and seq.

Under our law relative to land-office certificates, I suppose the purchaser is legally in possession. "Quoad hoc," the certificate stands in the place of the patent or title deed.

*Opinion by* GREENE, J. This was an action on the case, commenced before a justice of the peace, for removing a quantity of rails, and exposing the crops of the plaintiff. Judgment having been rendered against the defendants, the cause was appealed to the district court, where, upon their motion, a judgment of nonsuit was rendered, upon the ground that the action should have been trespass instead of case.

One of the errors assigned is, that the court nonsuited the plaintiff against his consent. In support of this position, authorities are cited to show that a court cannot compel a plaintiff to submit to a nonsuit after the evidence has gone to the jury. This rule appears to be sanctioned by the courts in some of the states, and they authorize a plaintiff, if he chooses, to insist upon a verdict. But a different rule has been recognized by this court, and the practice of the New

York courts adopted in this particular, so far as it can be done without encroaching upon the province of the jury.

The doctrine established by the courts of New York is, that if, in the opinion of the court, the testimony offered does not support the action, or is so insufficient as to justify an arrest of judgment, it has a right to nonsuit the plaintiff. 12 John. 299; 13 ib. 335; 1 Wend. 376. There appears to be good reason for this rule. If the evidence would not authorize a verdict for the plaintiff; or if so found the court would set it aside as contrary to evidence; or if the pleadings are so defective as to justify an arrest of judgment, why allow the case to go to a jury for their verdict? But in nonsuiting a plaintiff, great caution should be exercised by the courts to guard against an interference with the province of the jury. It should not be done if there is room for doubt as to sufficiency of evidence. The plaintiff, by suffering a nonsuit, retains the advantage of bringing another action, and this he can doubtless do when the nonsuit is ordered by the court. 14 John. 340; 1 Paine & Duer's Pract. 541; 2 Tidds' Pract. 917; 2 Dunlap's Pract. 652–3.

In the case of *Perley* v. *Little*, 3 Greenl. 97, it is laid down, that when the evidence offered by the plaintiff, and not controverted by the defendant, is deemed insufficient to maintain the action, the court may order a nonsuit; and that this is no infringement of the right of trial by jury.

As there appears to be good sense and great convenience in this practice, we believe it should prevail in our courts.

It is also urged, that the court erred in deciding that trespass and not case was the proper remedy. The bill of exceptions shows that the plaintiff had title to the land, at the time the injury was committed, by purchase from the government. This purchase placed him at least in constructive possession. Such a possession is sufficient to maintain the action of trespass. 3 McCord, 422; 7 Conn. 233. In the case of *Poole* v. *Mitchell*, 1 Hill, S. C. 404, it is held, that when the plaintiff has the right of property, and also the right of immediate possession, he may maintain trespass, although the

32

actual possession is in another. A similar doctrine is asserted in 1 Stew. 229; 1 Wend. 466; 1 Verm. 485.

The position assumed, that the plaintiff was not in position to maintain the action of trespass, we think is not tenable, nor sustained by the facts set forth in the bill of exceptions. The injury alleged was direct, and not consequential. The act complained of working an *immediate* injury upon the plaintiff's estate, trespass and not case must be regarded as the proper remedy, and the court therefore did not err in ordering a nonsuit.

Judgment affirmed.