## McCALL'S, Admr. vs. CAPEHART & HARBIN.

1. One who enters into the possession of unoccupied lands without any claim of right or title, and for the purpose of keeping the true owner out of possession, is a trespasser.
2. A contract, by which a trespasser agrees to sell the possession of land acquired by the trespass, cannot be sustained.
3. It is not maintenance for a person to promote a suit or defence, in which he has, or believes that he has, a legal interest.

Error to the Circuit Court of Montgomery.
Tried before the Hon. John D. Phelan.

John McCall, the intestate of the plaintiff, as the evidence tended to show, took possession of certain unoccupied lands and premises, without any claim of right or title thereto; but because, as he said, "he knew the titles were destroyed, and that in consequence he believed the true owner could never recover them." Afterwards, McCall was sued for the possession of the lands by one Pryor, and, during the pendency of

33

the suit, Capehart & Harbin, who claimed title to said lands and premises under a purchase made by them at sheriff's sale, with the knowledge of how McCall's possession was acquired, covenanted and agreed with him, that if he would deliver to them the possession of said lands and premises, they, in consideration thereof, would pay to him five hundred dollars, and would further save harmless and indemnify him against all claims for rent of said lands, and particularly against all liability to said Pryor for rents, in the suit which he had brought against him. The said sum of five hundred dollars was paid to McCall, and Capehart & Harbin were put in possession of the lands. The suit of Pryor was afterwards determined, in which he recovered the possession of said lands and ten hundred and forty dollars damages, which judgment was satisfied by McCall before the institution of this suit. This suit was instituted by McCall's administrator, to recover for an alleged breach of said covenant in not paying said sum of ten hundred and forty dollars.

The court charged, 1. That if McCall had taken possession of said lands when they were unoccupied, without any right or title to the same, and for the purpose of keeping the true owner out of the possession, he was a trespasser; and if he sold his possession as a trespasser, the contract of sale was void, and this, notwithstanding the purchaser may have known at the time of the contract all the facts relating to his possession.

2. That if the suit for the recovery of the lands had been commenced by Pryor, and was pending at the time of the execution of the covenant sued on, the same was void for maintenance.

These charges were excepted to, and are here assigned for error.

THOS. WILLIAMS, for plaintiff in error.

1. A person in possession of lands, without any title either legal or equitable, may for any consideration paid, or without consideration, agree to surrender that possession to one claiming title, and such agreement will not be against public policy; and the agreement so to surrender possession will not be champertous, although a consideration be paid for such

surrender, and a covenant to indemnify against rents, because 1st. An agreement to surrender possession of lands, the subject of a suit pending, by one claiming no title to one claiming title, cannot be said to be a bargain for and sale of the lands or any part thereof; and this is necessary to constitute champerty. Story on Contracts p. 511, § 581, and authorities there cited; 2d. Because a man has a right to buy his peace, and therefore one claiming title cannot, by paying a trespasser to surrender to him the possession, be said to "foment litigation and pervert the objects of the law," although a third person may be prosecuting his suit for the recovery of the same lands. See same page and section of Story on Contracts.

2. Such covenant is not maintenance: 1st. Because the defendants had an interest, and claimed title to the lands under and by virtue of a sheriff's sale to them; and it is not unlawful to maintain in such a case. Story on Contracts, p. 508, § 578, p. 509, § 579; and see Findon v. Parker, 11 Mees. & Welsby 675, 682; 3 Cowen 647; indeed, a supposed interest is sufficient to justify the party in maintenance, however small that interest may be, and whether certain or uncertain, vested or contingent. Story on Contracts, p. 510, § 579, before cited, and the authorities there referred to. In the case at bar, the defendants state in their covenant, under their hands and seals, that they claim the lands, having purchased the same at sheriff's sale, sold as the property of Henry Hall, and the lands are said to be known as the lands of Hall; and this is binding on defendants. See 3 Cowen 647, before referred to.

3. But there must be an agreement to maintain the suit, either by advancing money for that purpose, or an agreement to pay costs. See the authority before referred to. In the case at bar there is no such agreement; the agreement on the part of McCall was, to surrender possession by a particular time, in consideration of which promise or covenant defendants paid him $500, and covenanted to protect him against paying rents to any one, particularly to Pryor, and released McCall from liability to pay rents to them, defendants, who claimed to be the true owner. Here is no agreement to pay costs, or to advance money to defend the suit,

and this is necessary. See the authority above referred to. And a covenant to indemnify against costs and damages is not maintenance. See Campbell v. Jones, 4 Wend. 306; Williamson v. Henly, 6 Bingham 299; 19 Eng. Com. Law Rep. 87.

T. J. JUDGE, for defendants in error.

1. As between McCall and defendants, defendants were the owners of said lands and premises; they, defendants, having and claiming title to the same, and McCall being, as he acknowledged, an open trespasser in the possession of them; he having taken possession for no laudable purpose. There was no sufficient consideration then to sustain the promise made by defendants to McCall, to indemnify him; besides, it is against public policy, to permit one in the unlawful possession of property to stipulate for payment for its restoration to its true owner. "An enlightened morality and the dictates of honesty denounce such a contract, and the law cannot lend its sanction to enforce it." See McCaleb, use, &c. v. Price, 12 Ala. Rep. 753, which in principle is decisive upon this point; see also, Duncan, use, &c. v. Hall, 9 Ala. 128.

2. The covenant between the parties was void also, on the ground of maintenance. McCall was a naked trespasser; a suit was pending against him on account of his said trespass; the stipulation was, to save him harmless from the consequences of said suit; the effect of which was to maintain him unlawfully in the same.

GOLDTHWAITE, J.—The case of Gillespie v. Dew, 1 Stew. 229, and Blevins v. Cole, 1 Ala. Rep. 210, are directly to the point, that the owner of lands may maintain trespass against a wrong doer, where there is no adverse possession, and the current of American authority is to the same effect. Van Brunt, et al. v. Schenck, 11 John. 385; Bush v. Bradley, 4 Day, 306; Con. Society v. Baker, 15 Verm. 119; Dobbs v. Gallidge, 4 Dev. & Bat. 68; McGran v. Bookman, 3 Hill S. C. 265; Leadbetter v. Fitzgerald, 1 Pike, 448; Cohoon v. Simmons, 7 Ired. 189. The charge of the court, therefore, as to the facts, which would make McCall a trespasser, was correct.

The charge of the court, that if McCall acquired possession of the lands specified in the contract by a trespass, and sold such possession as a trespasser, that the covenant sued on was illegal and void, was also correct. By the terms of this contract, McCall, the intestate of the plaintiffs in error, stipulated to deliver the possession of certain lands to the defendants in error, who claimed title under a purchase at sheriff's sale, in consideration of a certain sum paid by them at the execution of the covenant, and for the additional consideration, that they should save harmless and indemnify him from all claims or liability to rent for said lands, to any person, and particularly to one Pryor, who had instituted a suit against him for the recovery of said land. There can certainly be no doubt, that if one who had wrongfully acquired the possession of property, was to stipulate, for a given sum, for restoring it to the owner, the consideration of a contract of this description would be held insufficient, and the contract itself void. McCaleb v. Price, 12 Ala. Rep. 753. The restoration, under those circumstances, would be an act which morality requires, and which the law would compel, and could no more be held to constitute the basis of a consideration, than an agreement to discharge a debtor from the whole debt, in consideration of the payment of a part. If, therefore, the defendants in error, as against McCall, are to be considered as acquiring the right to the lands by their purchase at sheriff's sale, it is clear, that the covenant could create no legal obligation on them.

If, however, by the terms of the covenant, the defendants in error, as against McCall, are not to be considered as the true owners of the land, then the only question raised by that portion of the charge we are considering, is, as to the effect of a contract made by a trespasser, for the transfer to a third person, of the possession which he had tortiously acquired. We all agree, that a contract of this character cannot be sustained. We can view it in no other light than as a contract, on the part of the seller, to dispose of that which he has wrongfully acquired, and which he has no right to retain; on the part of the purchaser, it is buying the privilege to continue a trespass. A court of justice will not lend its aid to enforce a contract of this description. Toler v. Armstrong, 11 Wheat. 258; McCaleb v. Price, *supra*.

That the defendants in error may have known, at the time they entered into the covenant, the manner in which McCall acquired the possession of the land, can have no influence on the validity of the contract.

The charge given by the court, that if the suit of Pryor against McCall was pending at the time the covenant was entered into, such covenant was void, on the ground of maintenance, cannot be sustained. Maintenance is the officious assistance, by money or otherwise, proposed by a third person, to either party to a suit in which he himself has no legal interest, to enable them to prosecute or defend it. Story on Con. § 578. But the doctrine of the common law as to maintenance does not apply to persons who either have any legal interest in the suit promoted by them, or who act under the *bona fide* belief that they have. Ib. § 579. Conceding that the agreement to indemnify McCall against the damages which the plaintiffs in the suit might recover against him, was assisting him in his defence, still, if the persons rendering the aid acted under the honest belief, that they were interested in the result of the suit, and not for the purpose of fomenting litigation, it would not have been maintenance. Findon v. Parker, 11 Mees. & W. 675; Story on Con. § 579. The covenant does not upon its face show the character of McCall's possession, and *non constat* that the defendants in error, in assisting him, may not have been sustaining their own title. In assuming that both the intention and the act, which are necessary to constitute maintenance, were conclusively established by the covenant, the court erred; and as it is impossible to say, from the record, on which ground the jury determined against the validity of the contract, and as the facts which went to its validity were alone for them to determine, it follows, that the error of the court may have prejudiced the plaintiff.

The judgment must be reversed, and the cause remanded.