## SHIPMAN vs. BAXTER.

1. In trespass *quare clausum fregit*, for injury to the possession, if no actual possession is shown, the right of recovery depends upon the title, which draws to it constructive possession.

2. If the defendant relies upon the adverse possession of himself and those under whom he claims, he must show an actual possession of the *locus in quo*, or of some part of a legal sub-division of which it formed a portion.

3. In trespass *quare clausum fregit*, for cutting trees, where neither party is shown to have had actual possession of the land, it is erroneous to instruct the jury, tnat defendant would not be liable for the act complained of, if he did it "in the *bona fide* assertion of a claim of title, which he thought to be good;" his liability would depend on the strength of his title compared with that of the plaintiff's, and not on his own opinion of its strength.

APPEAL to the Circuit Court of Barbour.

Tried before the Hon. JOHN GILL SHORTER.

J. BUFORD, for plaintiff in error.

P. T. SAYRE, *contra:*

Plaintiff and defendant both deduce title from Jones. A title was outstanding adverse to Jones, at the time when he conveyed to Shipman, and adverse possession was held by his grantee, or those holding under him. Shipman had never taken possession under his deed; for Baxter was in peaceable possession, holding adversely to him. Baxter, therefore, could be guilty of no trespass while such possession continued. Shipman had never made any entry upon the land; and even if Baxter be considered a disseizor, no action of trespass could be maintained against him, while the disseizin lasted. While the disseizin lasted, the freehold was in Baxter, and he had a right to use the land as his own.

If a party out of possession could sue in trespass one hold-ing adversely, any act of ownership by the latter would be a trespass, and the party out of possession could recover for every separate act; and then, in the action of trespass to try titles or ejectment, recover besides his *mesne* profits. Ship-man's remedy was, to bring an action by which the titles would be tried.

The action is trespass *quare clausum fregit*, and Shipman could not sue unless he had possession of the land at the time of the alleged trespass. 1 Metcalf 534; 10 Pick. 164; 17 Mass. 302; 14 Mass. 94; 3 Johns. 468; 8 Mass. 415; 11 Mass. 526.

PHELAN, J.—Shipman sued Baxter in an action of tres-pass *quare clausum fregit* to recover damages for the cutting of some trees. The proof conduced to show that, at the time of the alleged trespass, the *locus in quo* was wild or uncleared land, "never in the actual possession of either party."

Shipman showed paper title in himself, by patent from the United States to one Jones, and by deed from Jones to him-self in 1836.

The defendant also produced paper title from one Lewis D. McRae to D. McRae, in 1833, from D. McRae to John McRae, in 1844, and from John McRae to himself, in 1845. He also showed "a state of facts," in the language of the bill of ex-ceptions, "from which the jury might or might not have in-ferred that said Lewis D. McRae was authorized by Jones to make the deed he did to D. McRae," through whom defendant claimed.

In view of this state of the case, the court charged the jury, "that if they believed the cutting of said trees was done by the defendant in the *bona fide* assertion of a claim of title which he thought to be good, that he was not liable in this action."

This charge of the court is assigned for error.

The case, under one aspect of the evidence, was shown to be in that posture when the rights of the parties in this action would have to depend on the relative strength of their paper title exclusively. If no one had actual possession of the land, *possessio pedis*, and this was a controverted matter of fact in

the case, the title draws to it constructive possession. Hence, in every case of trespass for injury to the possession, when no actual possession is shown, the right of recovery depends upon the title, and the contest becomes a contest as to superior title. Blackburn v. Baker, 7 Por. 284.

If it was intended to litigate the right of the plaintiff to purchase of Jones in 1836, on the ground that the land had been previously sold to those under whom the defendant claimed, and that he and those under whom he claimed were in adverse possession at the date of the sale from Jones to the plaintiff, the question should have been distinctly presented. To make such a point good, it would have been necessary to show that defendant and those under whom he claimed had been in actual possession of the *locus in quo,* or of some part of a legal sub-division of which it formed a portion; because such actual possession is essential to constitute adverse possession. 4 Kent 441; Dexter v. Nelson, 6 Ala. 69.

As between Shipman and Baxter, then, if neither was in actual possession, the constructive possession, and the concomitant right of action for injury to the possession, would reside with the party having the superior title.

It was consequently erroneous for the court to instruct the jury, that the defendant would not be liable for the act complained of, provided he did it "in the *bona fide* assertion of a claim of title which he thought to be good." The jury should have been instructed, that his liability depended, not upon his own convictions of the goodness of his title, but of its actual goodness according to the proof in the cause, as compared with that of the plaintiff; in other words, upon which of the two had the better title to the *locus in quo.*

For this error the judgment is reversed, and the cause remanded.