## SEGAR *vs.* KIRKLEY.

1. If defendant continues in actual possession after a recovery and satisfaction in trespass *quare clausum fregit,* plaintiff cannot maintain a second action against him for a continuation of the trespass, unless he shows a title which would carry with it the constructive possession.

ERROR to the Circuit Court of Russell.

Tried before the Hon. ROBERT DOUGHERTY.

THIS was an action of trespass, *quare clausum fregit,* by Kirkley against Segar. Plea, not guilty, with leave to give special matter in evidence, &c. Verdict and judgment for plaintiff below for fifty dollars.

Upon the trial a bill of exceptions was sealed, by which it appears that the plaintiff, in order to entitle himself to vindictive damages, the action being for a continuation of trespasses, was allowed to read, against the defendant's objection, as evidence to the jury, the record of a former recovery for a similar trespass upon the same land, of thirty-five dollars, had in a suit between the same parties, commenced before the present suit, and determined at a previous term of the court.

The evidence conduced to show, that the plaintiff had erected some houses, and had enclosed and was cultivating a portion of the south-west quarter of section twenty, township 17, range 28, in Russell County, which is the *locus in quo ;* and that the defendant, before the commencement of the former suit, had cleared and enclosed some fifteen acres of said land, embracing the improvements previously made on the land by the plaintiff, a portion of which improvement was made by the defendant's consent; that upon enclosing these fifteen-acres in February, 1850, said defendant had removed the plaintiff's fences, and had thrown down his houses, and had continued to cultivate the fifteen acres so enclosed from February, 1850, until the trial of this cause.

1. The plaintiff offered to prove the value of the rents of the fifteen acres, which were enclosed and cultivated by the defendant as above stated. The defendant objected to this proof as irrelevant and illegal ; but the court overruled the objection, and he excepted.

2. The defendant then offered to prove the value of his improvements made on the land ; which proof the court rejected, and he excepted.

3. The proof conduced to show, also, that the defendant claimed under an informal tax sale, and had the deed of the tax collector for the south half of section twenty, township seventeen, range twenty-eight, and that the plaintiff claimed the south-west quarter, on which his improvements were made, and which he had in possession until it was enclosed by the defendant, which was done before the commencement of the former suit. The plaintiff had never retaken the possession, but the defendant had retained it, and cultivated the land from a period anterior to the commencement of the former action.

Thereupon, the defendant asked the court to charge the jury, that, although they might believe from the evidence that, before said former suit was brought, the plaintiff had actual possession of a part of said close, and that the defendant had committed a trespass upon and entered into such part before said former suit was commenced, yet, if they also believed that such trespass was proved on the trial of the former suit, and a recovery was had therefor in said former suit, and that the plaintiff had never since such trespass and entry by defendant had pos-

session of said part of said close, and has ever since continued to hold and cultivate the same, then the plaintiff could not recover for his thus continuing in possession. This charge the court refused to give, and defendant excepted.

4. The defendant asked the further charge, that the plaintiff must show, under the general issue, in order to recover, that he had the rightful possession, as against the defendant, of the premises, at the time the injury was alleged to have been committed by the defendant with force. This charge was also refused, and the defendant excepted.

These rulings of the court are assigned for error.

BELSER & RICE, for plaintiff in error, cited 1 Chitty's Pleading 175, 177, 178, 179 ; 7 Term R. 431 ; Smith v. Wilson, 1 Dev. & Bat. 40 ; Bennett v. Holmes, ib. 486.

No counsel appeared for the defendant.

CHILTON, C. J.—For the trespass in making the entry and depriving the plaintiff in the court below of his possession, the defendant made satisfaction in the former suit brought against him to recover for these wrongs, and as he is not entitled to double satisfaction, it follows that he can have no recovery for any injury which was proved and properly cognizable in the first suit.

In Coleman v. Parish, 1 McCord's Rep. 264, it was held, that a recovery of damages in trespass on lands was a bar to a subsequent action for mesne profits ; see also 3 Phil. Ev. C. & H.'s Notes, p. 960. This action must consequently be maintained, if at all, upon the ground that the defendant below has retained the possession of the land, and has cultivated it since the trial of the former suit, and not for breaking the close or damage done anterior to the trial in that suit.—Cummings et al. v. McGhee, 9 Port. 349. But can it, under the facts as detailed in the bill of exceptions, be maintained at all ? We are of the opinion that it cannot. According to all the English authorities, the plaintiff must have the actual possession, in order to be entitled to this remedy.—Chitty's Pleadings pp. 175-7-8 -9, and cases cited by this author. In this State, however, so early as 1827, it was held, in Gillespie v. Dew, 1 Stew. Rep.

230, that the situation of this country required that the rule should be so modified as to give the remedy to one who has the title, though he has never been in actual possession, in cases where the land is vacant, or there is no one in the adverse possession; in other words, where the plaintiff has a constructive possession. The same doctrine has since been several times affirmed by our predecessors.—See Blackburn v. Baker *et al.*, 7 Porter 288; Blevins v. Cole, 1 Ala. 210; Cummings *et al.* v. McGhee, 6 Por. 349.

In the subsequent case of Fry v. The Branch Bank of Mobile, 16 Ala. 282, it was held, that an action of trespass *quare clausum fregit* would not lie in this State, in favor of a disseizor, to recover *mesne profits*, unless he has regained the possession *by entry.*

In Shipman v. Baxter, 21 Ala. 456, this court held, that in this action (*tres. quare clausum fregit*) for an injury to the possession, if no actual possession is shown, the right of recovery depends upon the title, which draws to it constructive possession; and that where neither party was shown to have had actual possession, it was erroneous for the court to instruct the jury that the defendant would not be liable for cutting trees upon the land, (the injury complained of,) if he did so under the *bona fide* claim and assertion of title to the land, which at the time he thought to be good.

Upon a slight examination, it might be supposed that the two cases last cited were not altogether reconcilable with each other, but limiting them respectively to the facts of each case, there is really no discrepancy.

The first charge asked, when taken in connection with the evidence, assumes that if Segar, holding a tax collector's deed, entered on the land, and by his entry and removal of complainant's improvements, &c., committed a trespass, for which, in a previous action, he had made satisfaction, he was not liable in this suit; and if the possession by the parties of the land had remained unchanged since the former suit, and the defendant had merely continued to hold and cultivate the land, the plaintiff, never having re-taken the possession since he lost it by the defendant's original entry, could not recover. It does not appear that either party showed a valid title to the land, so that there could have been no constructive possession; but if the plaintiff

below had shown a good title, he could not have been constructively in possession, when it is shown that, during the whole time which has elapsed since the former trial, the defendant has held adverse possession, by which we mean an actual possession, notoriously hostile, under claim of title.—See Finche's Ex'rs v. Alston, 2 Stew & Por. 85, where it is said, "To consider the defendant constructively in possession, when the plaintiff was actually so, would be drawing an inference which no state of the case would warrant,"—per Taylor J. But the case before us cannot be made plainer than by the bare statement of the propositions it involves. It is conceded by all that to maintain this action (*trespass quare clausun fregit*) the plaintiff, at the time of the injury complained of, must have either the actual or constructive possession.—Shipman v. Baxter, 21 Ala. 456. He had not the actual possession, for the record says the defendant had that; he had not the constructive, for that arises out of a title, and he showed none. Therefore, having shown neither actual nor constructive possession, he has no right to avail himself of this remedy, and the charge refused was correct and should have been given.

Let the judgment be reversed, and the cause remanded.