# Harmon & Son *v.* Siler.

*Action against Wife's Executor, for Goods Sold and Delivered.*

1. *When action lies to charge wife's statutory estate for necessary family supplies.*—Under the statutory provisions of force in 1884-86 (Code of 1876, §§ 2711-12; Sess. Acts 1880-81, p. 36), an action at law would not lie against the personal representative of the deceased wife, to charge her statutory estate with the price of articles of comfort and support of the household furnished during coverture.

2. *Error without injury in rulings on evidence.*—On appeal from a judgment of non-suit, this court will not consider the correctness of rulings on evidence to which exceptions were reserved, and on account of which the non-suit was taken, when the record shows that the plaintiff can not recover in any event.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JNO. P. HUBBARD.

This action was brought by Harmon & Son, suing as a partnership, against J. F. Pickett and W. D. Siler, the latter being sued as executor of the last will and testament of Mrs. D. N. Pickett, the deceased wife of said J. F. Pickett; and was commenced on the 3d September, 1889. The action was founded on accounts for goods sold and delivered by plaintiffs to said Pickett and wife during the years 1883-86, and sought a personal judgment against said Pickett; and it also sought to subject certain lands, alleged to have belonged to Mrs. Pickett's statutory estate, to the satisfaction of the debt, on the ground that the goods sold were articles for the comfort and support of the household, for which the husband would be responsible at common law. The complaint alleged that Mrs. Pickett died in January, 1887. J. F. Pickett demurred to the complaint, on what grounds the record does not show; and the demurrer being sustained, his name was struck out as a defendant by amendment. The executor then demurred to the complaint, on several grounds which were, in substance, that the action would not lie as framed; and his demurrer being overruled, he pleaded the general issue, the statute of non-claim, and the statute of limitations; on which pleas issue was joined. On the trial, the plaintiffs reserved several exceptions to the rulings of the court on questions of evidence, and in consequence of these rulings took a non-suit; and these rulings on evidence are now assigned as error.

[Harmon & Son v. Siler.]

TOMPKINS & TROY, and JOHN GAMBLE, for. the appellant, argued the several assignments of error, and, on application for rehearing, cited Sess. Acts 1880-81, p. 36; *Ernst Bros. v. Hollis,* 89 Ala. 638.

GARDNER & WILEY, *contra,* also argued the assignments of error, and insisted that the action could not be maintained under the facts alleged and proved.

COLEMAN, J.—The complaint, as amended, presents a case in which it is sought to subject the statutory estate of a deceased wife to the payment of a debt contracted during coverture, for the purchase of articles of comfort and support of the household and family, and for which the husband would be liable at common law, by suit against the executor of the deceased wife alone.

The liability of the separate estate of the wife to such debts is purely statutory. The only judgment which the statute authorizes, so far as it affects the estate of the wife, must be founded on proceedings against the husband and wife jointly, or upon a judgment against the husband alone, followed by a motion against the wife. The estate of the wife can not be condemned to sale for the satisfaction of such claim, by independent, original proceedings against her alone, if living, or her estate, if she be dead.—*O'Connor v. Chamberlain,* 59 Ala. 435.

In the case of *Rodgers. v Brazeale,* 34 Ala. 512, it was declared, that an action at law does not lie against the administrator of a deceased wife, to charge her separate estate with the payment of articles of comfort and support of the household, furnished during coverture. These principles of law were fully recognized in the case of *Carter v. Wann,* 45 Ala. 346.

It is unnecessary to consider the rulings of the court in regard to the admissions of testimony, or the legal questions decided relative to the statute of non-claim, as, under the averments of the complaint, and the undisputed proof, or facts offered to be proven, plaintiff can not possibly recover in this action.

Affirmed.

(On application for rehearing.)

COLEMAN, J.—At the last term, a decision was rendered in this case, affirming the ruling of the trial court. The conclusion of this court was based upon previous decisions construing the statute, as embodied in section 2711 of the Code of 1876, which declared that the statutory separate estate of the wife was liable "for the payment of articles of comfort and support of the household and family for which the husband would be liable at common law," &c. This court had uniformly held, under the statute, that the estate of the wife could not be subjected, by independent, original proceedings against the wife alone, if living, or her estate, if she be dead. The authorities are cited in the main opinion.

Upon the application for a re-hearing the point is made, that by virtue of the amendments of section 2711 of the Code, *supra,* by act approved March 1st, 1881, (Acts of 1880-81, p. 36), the personal representative of the wife may be sued in such cases alone, although the husband is living.

After declaring the liability of the separate estate of the wife, section 2711 provided for the enforcement of the right "against the husband alone, or against the husband and wife jointly." The amendatory act, after setting out the section to this point, adds as follows : "and in the event of the death of the wife, the same may be enforced against the personal representative, and, if the husband be dead, said action may proceed against the wife alone,"&c. It is evident there is nothing in the amendment which would justify any change in the construction of the statute previously placed upon it by the decisions of this court, which held that the action must be against the husband alone, or against the husband and wife jointly. The amendment expressly provides that the wife may be sued alone, if *the husband be dead,* but there is no express provision that the wife, if living, may be sued alone, if the husband is also living. It would be a strained construction, not founded upon any reason, which would authorize the suit against the estate of the wife alone, after her death, and would not authorize it against her in life. We do not think such construction was intended by the legislature. If it was intended to make the estate of the wife liable at all events, the amendment would have provided that she might be sued alone while the husband was living. The amendment would also have extended to the following section 2712 of the Code of 1876. This section provides, that if suit be brought against the husband alone, and execution returned "not satisfied," then the wife's property may be

[Osborn v. Johnson Wall Paper Co.]

subjected to sale by order of the court, upon motion, and ten days notice in writing given to the wife. Section 2712 is not amended. Section 2711, as it originally stood, and as amended, provides that the claim may be enforced by suit against the husband alone, or against the husband and wife jointly. If the suit be brought against the husband alone in the first instance, under the statute as amended, there is no way to enforce the judgment against the wife if living, except by virtue of section 2712, unless the operation of the amendment is extended to section 2712; for, under this section, it can not be done after the death of the wife.

Looking at all the statutes upon the subject, and construing them together, which we feel justified in doing under the terms of the amendment, we adhere to the conclusion reached in our former opinion, in holding that the statute does not authorize an original suit against the personal representative of the deceased wife alone, the husband living, to enforce contracts of this character.

The judgment-entry shows a ruling of the court upon demurrers. The demurrers are not set out, and we do not know the causes of demurrer assigned. Moreover, there is no assignment of error upon the ruling of the court in this respect.

Affirmed.