# Bonham v. Loeb.

*Action of Trespass.*

1. *Possession actual or constructive necessary to maintain trespass.*— To maintain the action of trespass it is necessary that the plaintiff should have had actual or constructive possession; if he has title it draws to it the possession, and by construction he is deemed to have had possession; and in the absence of actual possession, whether he ever had constructive possession will depend upon the question of title.

[Bonham v. Loeb.]

2. *Trespass; evidence.*—Where, in trespass for entering a private burying ground and removing the bodies and monuments, defendants plead and prove that they were the owners of and in possession of the premises at and prior to the time of the trespass, and that the bodies and monuments were removed in good faith, and with care and decency, the plaintiff is not entitled to recover.

3. *Evidence of adverse possession of burial lot.*—Evidence that plaintiff's ancestors and husband and children were buried in a certain lot; that, as long as plaintiff lived in the locality, she visited the lot, and kept it in good repair, and when away left a person in charge of it, who visited it frequently, and cared for it; that the person purchasing the land, more than ten years before suit, promised that the lot should never be troubled—is insufficient to show title to the lot by adverse possession.

APPEAL from the city court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

This was an action of trespass, instituted on August 10, 1894, by the appellant, Camilla D. Bonham, against the appellee, Jacques Loeb, to recover damages for trespass, alleged to have been committed by the defendant. The complaint contained two counts, which were as follows: 'First count. The plaintiff claims of the defendant the sum of five thousand dollars damages for a trespass by the defendant on the following tract of land, dedicated by Eliza Peacock as a burying ground about the year 1840, and commonly known as the Peacock burying ground, situated on the east side of Holt street, in the Peacock Tract, near the city of Montgomery, and being a part of lot 6 in block 2 of said Peacock tract, belonging to and in the possession of the plaintiff, and for digging up and mutilating the graves of plaintiff's dead father, and other near kindred, and taking up and removing their dead bodies, and carrying away the monuments and grave stones erected to their memory, and entering upon and plowing up the ground over the graves of plaintiff,s deceased husband and children, and tilling the soil over their dead bodies, on or about the 1st day of June, 1894.''

"Second count. The plaintiff claims of the defendant the sum of five thousand dollars damages, for that heretofore, to-wit: On or about the 1st day of June, 1894, the defendant did, by and with the help of divers persons employed by him for that purpose, unlawfully and wrongfully enter upon and into what is known as the

Peacock burying ground, of which plaintiff was in possession, and which is situated in the western suburbs of of the city of Montgomery, on the Mobile road, and which is a part of lot 6 in block 2 of the Peacock Tract, and where the plaintiff's kindred lay buried, and did unlawfully remove from said burying ground the monuments or tombstones from over the graves of her deceased grandfather and mother, which were in the possession of plaintiff, and did unlawfully dig up and remove the bones and ashes of her deceased grandfather and other near kindred, of whom she is the heir-at-law, and did remove them from said burying ground, and did lawfully enter upon and plough up the ground over the graves of her deceased husband and children, and did cultivate the soil over their dead bodies and otherwise unlawfully desecrate the graves of her deceased relatives by totally obliterating said graves and the entire burying ground and turning the same into a cotton patch, to the great damage of plaintiff in the loss and use of said ground as a burying place for her dead, in intense bodily suffering and pain and distress of mind, humiliation and suffering from outraged feelings, in the sum of five thousand dollars, as aforesaid. Hence this suit." To these counts the defendant pleaded 1st, the general issue; and, 2, "That on and for prior to, to-wit, ——day of April, 1894, Moses Bros., by themselves and their trustees, were the owners and in possession of the close described in said complaint, and that defendant purchased the same from said trustees, went into possession thereof, and was so in possession at the time of the injury complained of, and that the removal of said bodies and grave stones were made in good faith, with care and decency." The evidence tending to show the title of the plaintiff to the property on which the alleged trespass was committed, is sufficiently stated in the opinion.

The defendant showed that he purchased a lot, on which was situated the burying place involved in this controversy, from the trustees of Moses Brothers estate; that for more than ten years prior to the bringing of this suit, the property had been in the possession of Moses Bros., and had been used for agricultural purposes; that upon it there was an ancient, abandoned family burying place, marked by a brick inclosure, which had fallen into decay; that the defendant, at his own expense, and

with the assistance and under the supervision of the city sexton of Montgomery, had removed the remains buried there, and gave them respectful interment in the city cemetery, placing over the graves the monuments found in the old graveyard.

After the introduction of all the evidence, the defendant moved the court to exclude all the testimony offered by the plaintiff as to acts of ownership and possession exercised by her over the graveyard. This motion was granted, against the objection and exception of the plaintiff; and upon the granting of said motion the plaintiff took a non-suit with a bill of exceptions.

The present appeal is brought by the plaintiff, who assigns as error the ruling of the court upon the evidence.

RAY RUSHTON, for the appellant.

E. P. MORRISETTE, TOMPKINS & TROY and FARNHAM, CRUM & WEIL, for the appellee.

HARALSON, J.—The plaintiff makes no pretense of title to the property, for a trespass on which by defendant she complains, except such as she claims by ten years adverse holding; nor does she show any actual occupancy or possession of the lot at the time of the alleged trespass. The only pretense of possession by the plaintiff, was that her grandfather, William Peacock, under whom she claims title, and who died about sixty years ago, was buried in the grave-yard,—about twenty-five feet square,— on the lot described in the complaint, and that her husband and three of her children were also buried there. It was shown, that the burying place of these dead, had gone into much dilapidation, and for thirty years, plaintiff had not lived in Montgomery; that as long as she lived here, she visited the grave-yard frequently and kept it in very good condition, and after she moved away, she left it in charge of Mrs. Burk, who testified, that she went to the spot frequently, and gave it the best attention she could; that more than ten years ago, after Moses Bros. bought the property, and in a conversation with one of the firm, he told plaintiff that "the grave-yard would never be troubled." It was not shown, that she ever laid claim to the title or possession

of the property, from defendant or any one under whom he holds, or that they or any of them ever had any notice of an adverse claim or holding by plaintiff. On the other side, it was shown, that defendant and those under whom he claims, by regular chain of paper -title, have had title to the property, for over thirty years, and in none of the mesne conveyances, from first to last, was there any reservation of title or possession to any one, of the burial place referred to, but the title came to defendant in fee of the entire property, without the exclusion of any part of it. It was further disclosed by the evidence, that there were other persons who where joint tenants of the premises, in the sense that plaintiff was a tenant.

In this case, as appears, the plaintiff having shown no actual possession, her right of recovery is made to depend upon her title, if any, which would draw to it constructive possession. It is well settled, that to maintain the action of trespass, it is necessary that the plaintiff should have had actual or constructive possession. If a plaintiff has title, it draws to it the possession, and he is by construction, deemed to have had possession. In the absence of actual possession by him, whether he ever had constructive possession, will depend upon the question of title.—*Shipman v. Baxter*, 21 Ala. 456; *Ledbetter v. Blassingame*, 31 Ala. 496; *McInerny v. Irwin*, 90 Ala. 276.

The attempt on the part of plaintiff to prove title by adverse possession of ten years, was abortive. No such acts of control and possession, such as she sets up, can ever amount to adverse possession.—*Parks v. Barnett*, 104 Ala. 438; *Ponder v. Cheaves, Ib.* 307; *Eureka Co. v. Norment, Ib.* 625; s. c. 98 Ala. 181.

The plaintiff took issue on defendant's second plea, every fact in which was substantially proved. This would have justified the general charge for defendant.—*Taylor v. Smith*, 104 Ala. 537; *Allison v. Little*, 93 Ala. 150; *Lewis v. Simon*, 101 Ala. 546.

We will not stop to consider the rulings of the court on the exclusion of evidence constituting the only two grounds of the assignments of error. We have not been shown that there was error in these rulings, but, even if there were, it is manifest, from what has been said, and from more that might be added, that plaintiff can

[Gunn v. Hardy et al.]

not recover, in any event, and it is unnecessary, therefore, to review these ruling, leading to the non-suit.—
*Harmon v. Siler*, 99 Ala. 306.

Affirmed.