# Bullock-McCall-McDonnell Electric Co. *v.* Coleman.

## *Action to recover Rent.*

1. *Lease contract; when landlord not liable for damages resulting from defects in premises.*—Where, in a written lease of a house, it is stipulated that the landlord will not be liable for any damages tha* might accrue on account of any defect in the building or premises leased, or for any break or getting out of order of any water pipe or any other plumbing, such stipulation is binding upon each of the parties to the lease contract; and in an action to recover the rent due under said contract, the tenant can not recoup damages sustained by reason of the breaking of the water pipes in said building.

2. *Pleading and practice; error without injury in ruling upon demurrer.*—Where, in a civil action, it appears that upon the undisputed evidence in the case a defense sought to be set up by a special plea was not available to prevent the plaintiff's recovery, and that the plaintiff would have been entitled to recover under the facts, even if said plea had been allowed to remain in the case, error in sustaining a demurrer to such plea is without prejudice to the defendant, and will not work a reversal of the judgment.

3. *Contract; written contract must be construed by court.*—In a civil action based upon a written contract, it is the province of the court to construe said contract; and charges which submit to the jury the construction of such contract are erroneous and properly refused.

[Bullock-McCall-McDonnell Electric Co. v. Coleman.]

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This was an action brought by the appellee, Daniel Coleman, against the appellant, the Bullock-McCall-McDonnell Electric Company, to recover the amount elleged to be due the plaintiff by the defendant for the rent of premises under a lease contract.

The facts of the case are sufficiently stated in the opinion.

The court at the request of the plaintiff gave to the jury the following written charges: (1.) "I charge you gentlemen of the jury that under the contract between the parties to suit that plaintiff was under no duty to do any repairs on the rented premises." (2.) "Under the evidence, I charge you gentlemen of the jury that plaintiff was under no obligation to make any repairs on the rented premises."

To the giving of each of these charges the defendant separately excepted, and also excepted to the court's refusal to give the following written charge requested by it: (A.) "The construction put upon a contract by the parties to it will be adopted by the courts, and if in this case the plaintiff repaired the broken pipes at his own expense, then the jury may look to this fact in connection with all the evidence to ascertain whether or not it was the duty of the plaintiff to make said repairs."

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the sustaining of the demurrer to the defendant's second plea, the giving of the charges requested by the plaintiff, and the refusal to give the charge requested by the defendant.

F. S. FERGUSON, for appellant.—It is the duty of the landlord to disclose to the person proposing to become his tenant the existence of any concealed defects in the premises, that are known to him and unknown to that person and which the latter could not ascertain by ordinary diligence. The knowledge of such defects on the part of the landlord's agent will be imputed to him, although he may be personally ignorant of them. If the

[Bullock-McCall-McDonnell Electric Co. v. Coleman.]

landlord is ignorant of such defects by reason of his negligence, the law charges him with knowledge and holds him to responsibility.—18th Ency. Law (2d ed.) 224; *Watson v. Abrams*, 59 Ala. 524; *Augisne v. Knox, Goodrich*, 31 Pac. Rep. 529; *Thum v. Rhodes*, 12 Colo. App. 245; *Howe v. Hunking*, 135 Mass. 380; *Booth v. Morman*, 155 Mass. 521; *Kim v. Myall*, 94 Mich. 477; *Jackson v. Odell*, 9 Daly (N. Y.) 371; *Schmelried v. White*, 97 Tenn. 36; *Lynch v. Ortlied*, 70 Texas, 727; *Martin v. Richards*, 155 Mass. 381.

JOHN H. MILLER, *contra.*—Landlord is not liable for repairs unless he covenants to make them.—12 Amer. & Eng. Ency. of Law, 1003.

The matters set up in plea No. 2 are not available as a defense to this action because, (1) sounding in damages merely; (2) not being a proximate resuit of any misconduct on part of appellee: (3) being too remote. The nature, of said plea is determined not by what it is called, but by the facts it states.—Code 1896, §§ 3294, 3728; *Walker v. McCoy*, 34 Ala. 659; *Burnes v. Reaves*, 127 Ala. 130; *Collins v. Greene*, 67 Ala. 211; *Johnson v. Smith*, 70 Ala. 108; *Hunt v. Johnson*, 96 Ala. 130; *Cotton v. Scott*, 97 Ala. 447.

The appellee under all the evidence and under the pleadings in the case was entitled to the general affirmative charge in his behalf (as his replication to plea No. 4 were fully sustained) ; and the court cannot be put in error for any charge refused to appellant or given to appellee, or for its rulings on evidence, if the rulings were otherwise, the result would be the same.—*Schloss v. Inman, Smith & Co.*, 129 Ala. 424; *Ala. Mineral Land Co. v. Baker*, 119 Ala. 351; *Prichard v. Sweeney*, 109 Ala. 659; *Capital City Ins. Co. v. Tell*, 131 Ala. 198.

The written charge No. "A" requested by appellant was properly refused for the reasons that it is the exclusive province of the court to construe the contract between the parties where there is no conflict in the evidence.—*Guilmartin v. Wood*, 76 Ala. 209; *Foley v. Fel-*

*rath,* 98 Ala. 176, 181; *Barnhill v. Howard,* 104 Ala. 412.

HARALSON, J.—The defendant seeks a reversal of the judgment against him for an alleged error in sustaining the demurrer to his second plea.

The rule is well settled, that a lessee when sued for rent, has the right of recoupment for damages arising from the lessor's covenant to repair.—*Abraham v. Watson,* 59 Ala. 525; *Hill v. Bishop,* 2 Ala. 320; *Green v. Linton,* 7 Port, 133.

It is also well understood, that at common law, no duty devolved upon the landlord to make any repairs on the premises unless there was an agreement to make them, and the tenant took them at his own risk as to fitness for occupancy or use in the condition they were in at the time of the lease.—*Burks v. Bragg,* 89 Ala. 204; 18 Am. & Eng. Ency. Law (2d ed.), 215.

The complaint claimed of defendant seventy-five dollars for rent of certain premises, payable on the 15th May, 1902. The defendant pleaded the general issue, and the special plea marked 2, in which, admitting the lease, he set up, that before and at the time of making said contract, the water supply pipes in and under the rented store house were in a worn-out and unfit condition, which fact was well known to the plaintiff and wholly unknown to the defendant, and could not have been discovered by him by any reasonable diligence on his part; and by reason of the unfit and weak condition of said pipes they burst and discharged large quantities of water, depriving defendant of the use of his water supply for different purposes and the use of water in the conduct of his business during the months of January, February, March and April, 1902, causing him specified damage to the amount of $52.75, which damages he offered to recoup against plaintiff's claim for rent. The plea further set up, that as soon as the breaking of said pipes was discovered, defendant notified plaintiff thereof, and demanded that he repair the same, which he refused and failed to do, for a long space of time, to-wit, during the months of December, 1901, January,

February, March and April, 1902, to the damage of defendant as stated.

The plaintiff demurred to this plea, because defendant's demand sounded in damages merely, were remote, speculative and not the proximate consequence of any conduct on the part of plaintiff, and were not such as could be pleaded against plaintiff's demand. The demurrer was sustained.

Thereupon, the defendant pleaded another plea, numbered 4, setting up failure of consideration, upon substantially the same grounds as were set up in the 2d plea, to which plaintiff demurred, and the demurrer was overruled.

The plaintiff filed the following replications: 1. "That by written contract under seal made between plaintiff and defendant on the 17th August, 1901, is was agreed that plaintiff should not be required to do any repairs upon the building leased, unless it was so stipulated and agreed upon in writing at the commencement of said lease, and plaintiff says he did not so stipulate in writing at the commencement of said lease; and plaintiff says, that it was further agreed between the parties to this suit in said lease, that this plaintiff should not be liable for any breakage or getting out of order of any water pipes, water closets or other plumbing."

2. "The plaintiff further replies to said plea four of defendant, that under a sealed contract between the parties to this suit, it was agreed that plaintiff would not be liable for any damages that might accrue on account of any defect in the building or premises leased by said contract, or from rain, wind or other cause."

These replications were not demurred to, nor was there any rejoinder, but defendant took issue on them. They were precisely proved by the introduction, without objection, of the written contract of lease, which was not shown to have been cancelled or in anywise modified or changed.

It seems to be well settled, "That when there are concealed defects in the demised premises, attended by dan-

ger to an occupant, and which a careful examination would not discover, but which are known to the landlord, the latter is under an obligation imposed by law to reveal them, in order that the tenant may guard against them; and upon the failure of the landlord to perform such duty, he will be liable for whatever damages naturally result in the tenant therefrom."—18 Am. & Eng. Ency. Law (2d ed.), 224, and authorifties cited in the note. Without questioning this principle, it is equally certain, that it does not apply, to set aside and annul an express contract between the parties, by which they agreed that the lessor, as here, should not be liable for any hidden defects in the appurtenances and appliances of the demised premises, not dangerous to the life or limb of the tenant. The law will not make a contract for the parties in the absence of fraud, different from the one expressly entered into between them, but will allow them to stand upon the one deliberately made. If the defendant agreed with the plaintiff in the written contract between them, that he should not be required to do any repairs on the building leased, unless so stipulated and agreed upon at the beginning of the lease, nor for any breakage or getting out of order of the water pipes, or water closets or other plumbing, but on the contrary, the defendant should keep the same in repair, and that the lessor should not be liable for any damage which might accrue on account of any defect in said building or premises, or from rain, wind or other causes, it is difficult to see how the plaintiff could be held liable on account of anything set up in said 2d plea as to the breakage in water pipes of the building. His position could scarcely be stronger under his contract, if he had stipulated therein, that these pipes were defective in the manner alleged; and, under the terms of the contract as it stands, it could make no difference as to his liability for the breaking alleged to have occurred, whether he knew these pipes were old, worn and liable to burst or not. He shielded himself against any such occurrence, by the terms of his contract, and defendant accepted the lease on those terms.

The defendant under this 4th plea, demurrer to which was overruled, came near having, if he did not entirely have, the benefit of all he claimed under said 2d plea. However this may be, under the disputed evidence in the case, it has been made plainly to appear that the defense set up in said second plea, was wholly insufficient to overturn the case for the plaintiff as made under his written contract, even if the demurrer to it had not been sustained, and all that is set up in it had been proved. So, if there was error in sustaining the demurrer to it, it was error without injury, since in no event could defendant have made the facts relied on in said plea, available to him.—*Leonard v. Storrs,* 31 Ala. 488; *Baker v. Barclift,* 76 Ala. 414, 418; *Harmon v. Siler,* 99 Ala. 306; *Prichard v. Sweeney,* 109 Ala. 652.

Charge A, amongst other vices, sought to have the question of the construction of a written contract, which it was the province of the court alone to construe, submitted to the jury for construction, and was properly refused.

Affirmed.