OPINION of the Court, by
Judge Owsjjey.
This is a writ of error prosecuted by Halley to reverse a judgment recovered against him in an action of assumpsit brought by- M’Cargo in the court below.
The declaration contains hut one count, and that is in indebitatus assumpsit for money had and received by Halley to the use of M’Cargo. The trial was had on issues to. the pleas of non assumpsit, and the statute of limitations j apd after a verdict found in favor of M’Cargo, the motiop of Halley for a new trial was over-ruledand judgment entered according to the verdict.
Upon the refusal of the court to grant a new trial, the whole of,the evidence wafts by bill of exceptions spread uppirthe.record; qnd whether, a new trial should have beep awarded, is the. only inquiry presented for the determination of this court.
Hreliininhry to an examination of the evidence, it may he proper to premise, that unless the cause of action charged in his declaration was established by M’Cargo, however clearly the evidence may have manifested ⅜ righlin, him to recover in a different mode of declar *350 ing, tlie rerdict returned in his favor should not be perm^tcd to stand : for although applications for new trials are always addressed to the sound discretion of the court, that discretion must be exercised according to those principles which apply exclusively to the matter in issue between the parties.
Whether, therefore, M’Cargo manifested on the" trial a right to recover in an indebitatus assumpsit for money had and received, we will proceed to inquire ; and in making this inquiry, as a verdict has been found in his favor, we shall assume as proved every fact which the evidence in any reasonable degree conduced to prove. Thus proceeding, it may then be fairly affirmed that on the trial it was proved that some considerable time before the trial, M’Cargo, as security for a certain David Hughes, and together with him, were indebted by obligation to Halley, and that about fifteen years before the trial, and whilst Halley was endeavoring to coerce payment from them by suit, an agreement was entered into between M’Cargo and Halley, whereby M’Cargo agreed to pay and did actually pay to Halley glOO, part of his demand; and in consideration thereof Halley agreed that if he should succeed in obtaining a judgment against Hughes and M’Cargo, he would not enforce the execution against M’Cargo, but against Hughes ; and that he would furthermore, whenever the demand should be collected from Hughes, refund the glOO to M’Cargo without interest; and that it was also proved that Halley, within less than five years before the commencement of this suit against him, did actually collect in property the whole demand from Hughes.
This evidence, it will be admitted, manifested an unquestionable right in M’Cargo to recover the glOO of Halley in an action founded upon the special agreement between the parties, but we suppose was altogether Insufficient to justify a recovery under the general count for money had and received. It is certainly well settled as a general proposition, that wherever there is a special agreement it must he declared on, and that on a general count in indebitatus assumpsit, to prevent a surprise upon the other party, the plaintiff should not be allowed to go into evidence of a special agreement,— 1 Esp. N. P. 249. 1
To this rule it is true there may be exceptions j such, for example, as in a declaration upon a quantum meruit, *351 if the work is proven to be done, then as by the performance of the work a promise to pay will be implied, it lias been held that the circumstance of there having been a special agreement about the work will not prevent a recovery upon the general Count. — Bul. N. P. 137 — l Chitty on Plead, 339. But in no instance has the exception to the rule been carried so far as to allow a recovery upon a general count upon proof of a special agreement, when by the terms of the agreement the right of action is made to depend upon the happening of events from which no promise can be implied.
That Halley’s liability under the agreement as proven Was made to depend upon the happening of events from Which no promise favorable to M’Cargo would be implied, we apprehend there can be no doubt: for strip the case of the special agreement, the circumstance of M’Cargo having paid Halley ⅜100, as that payment appears to have been made in discharge of a demand for which he was legally bound, it could by no possibility create any obligation upon Halley to refund; but as it was paid by M’Cargo, the security of Hughes, it was so much paid and advanced for Hughes’s benefit; and as such, an action against him for that purpose might have been maintained by M’Cargo. When then Halley received the glOO from M’Cargo, as there was a subsisting debt due fróm M’Cargo and Hughes, that receipt, unconnected with any agreement between the parties, must have operated a satisfaction of so much of the demand ; and consequently when Hughes thereafter paid to Halley the full amount, he thereby paid gl 00 more than he was bound to pay; and as such Hailey received that amount, not for M’Cargo, but to the use of Hughes. Ííughes by the payment to Halley cannot therefore have discharged his liability to M’Cargo: he may have gained a right of action in his own favor against Halley for the amount improperly received by him, hut he cannot thereby have translated any right of action to M’Cargo.
As, therefore, M’Cargo’s right to relief against Halley depends exclusively upon the special agreement between the parties, to enable him to recover he should have declared upon it; but as he has not done so, tbs court below should have awarded a new trial.
The judgment must be reversed with costs, the cause remanded to the court below and new proceedings had not inconsistent with this opinion.
*352 The follpwing petition for a rehearing was-présenh* ed.
The defendant respectfully solicits the reconsideration of the opinion delivered.
It seems that the judgment of the court below in refusing a new trial, is reversed by the opinion delivered, not bécáüse the plaintiff below was not justly entitled to the amount, but because it is supposed the plahí-:iíf, to let in the evidence which established his demand, (and which evidence showed a clear and conscientious demand) ought to have counted specially, and not generally.
It is to be remarked, that on the trial no exception was taken to the evidence as not permissible under the counts: no motion was made for nonsuit, or exclusion of the evidence; but after verdict found upon the whole case submitted to the jury, a new trial was asked, and refused.
This court by their opinion have reversed the judgment and ordered a new trial, not because injustice has been done to the defendants below, but to let in formal and technical objections, going only to the form of pleading, and not to the substantial justice and equity of the case ; and when it is evident thát the plaintiff is entitled eóc equo et bono to have the amount of the verdict and judgment already rendered.
The counsel respectfully suggests, that as there was no surprize alleged, no objection made on the trial to the evidence, and nothing to induce a belief that the defendant came unprepared for trial, or could be better prepared at another time; that the application for a new trial was addressed to the sound discretion of the court j árid that discretion ought to be exercised upon the merits of the case, arid not upon the mere question of variance between pleading and evidence : that this discretion is properly exercised in refusing a new trial for the purpose of letting in the defendant below to take; exception to the variance, which he neglected to do on the former trial; when the only effect of granting the new irial is to coiripel the plaintiff below to amend his count in .thé sainé action, whereby he would be entitled to reco-Vertfie amount.
That a new trial ought not to be granted, “though the ground of the verdict should be wrong,” where if appears “ rió injustice has been done to the defendant,” *353 nr if it clearly appears now “ that the plaintiff (below) by another/om cf action could recover all he has got by this form of action,” is a principle established by decisions upon the subject of new trials.
BIBB, for defendant.
To this point the counsel solicits the attention of the court to the case of Foxcroft et at. vs. Behonshire et at. 2 Burr. 936, where that principle is explicitly laid down. Also vide Salk, (sixth edition) 2 vol. 644, note a to Smith vs. Brampston—Gosslin vs. Wilcock, 2 Wilson 302—Sampson vs. Appleyard, 3 Wilson 272— Aylett vs. Lowe, 2 Black. Rep. 1221—Goodtitle vs. Bailey, Cowp. 597, 601.
See, as to the general principles of r.ewtrials, 3 Black. Com. ch. 24, p. 391-2.
Wherefore a rehearing is respectfully solicited.
Which petition was afterwards overruled.