CLEMENTS, adm'or vs ESLAVA.

*As to recoveries upon a general count, where there has been a special agreement.*

1. A recovery cannot be effected under a general count, where the evidence establishes a cause of action upon which there might be a recovery upon a special count.

2. Thus, under a general count for money, for the price of mules, one cannot recover, on proof that the mules were to be paid for in lumber, which had not been delivered,

3. In such case, a defendant may either move to exclude the evidence of the special contract from the jury, or move for instructions from the Court, that the contract proved, varies from that laid.

On a writ of error to a judgment of the Circuit Court of Mobile county.

Clements, the administrator of Clements, was complained of, at the suit of Eslava, in the action of assumpsit. The declaration contained a common general count, and set out—that, whereas the defendant's testator, in his life-time, on the twenty-seventh day of October, A. D. eighteen hundred and thirty-four, at, &c., being indebted to plaintiff in the sum of two hundred and ninety-two dollars, as well for divers goods, wares and merchandize, and mules, before that time sold and delivered, to the testator, at his request; as for the wharfage and use of plaintiff's wharves, for divers goods, wares and merchandize of the said testator, used and occupied, &c., promised, &c.

The plea was *non assumpsit.*

The proof was, that the testator had purchased mules of plaintiff, the price of which, was to be paid in lumber, to have been delivered in Mobile : but there was no evidence of its delivery, though a reasonable time therefor had elapsed.

The defendant moved the Court below, to charge the jury,—that defendant was not liable in the form of action brought, because the proof of the contract, varied from that laid in the declaration. This, the Court refused ; because the objection should have been taken to the evidence.

Exceptions and writ of error.

HOPKINS, C. J.—There was a general count in the declaration in this case, for money, as the price of two mules. Upon the trial, the proof showed that the price was payable in lumber, to be delivered in Mobile. There was no proof of the delivery, or of an offer to deliver the lumber. It was proved that a reasonable time for the delivery had elapsed before the commencement of the action. Upon this evidence, the Court below refused to instruct the jury, that there was a variance between the contract proved and the one set out in the declaration, and that the plaintiff in error was not liable. The Court charged the jury, that if the contract proved, did vary from the one set out in the declaration, the objection ought to have been taken when the evidence was offered—and that the defendant in error was entitled to recover on the proof submitted, (if they believed it,) the price, which it was agreed should be paid for the mules.

For the refusal of the Court to give the instruction

that has been mentioned, and for the charge which was given, the plaintiff in error excepted.

Whether the facts proved, are evidence of the cause of action, set out in a declaration, or of a different cause of action, upon which there can be no recovery except on a special count, is a legal question, that a Court ought to decide.

If the proofs do not support the cause of action contained in a declaration, or tend to do so, they are irrelevant, and might be excluded from a jury, on motion to the Court. Where the cause of action proved, is one for which there might be a recovery on a proper special count, there cannot be a recovery upon a general count. In such a case, the defendant to the action has his election, either to move the Court to exclude the proof of the special agreement, from the jury, or to instruct them that such evidence proves a different contract from the one set out in the general count, and does not sustain it.

In this case, the contract set out in the declaration, was to pay the price of the mules in money, and the breach alleged, was the failure to pay the money. Proof that the plaintiff in error had agreed to pay the price in lumber, which he had not delivered, was not evidence of the cause of action contained in the declaration, or of the breach assigned, but it was evidence of a different agreement, on which the defendant in error might sustain a proper special count.*

The Court erred in refusing to instruct, as the plaintiff in error requested, and in giving the charge, which was excepted to, and has been assigned here for error.

The judgment is reversed, and the cause remanded.

GOLDTHWAITE, J. not sitting.

*2 Munf.R 344; 2 Starkie's Ev. 96, n. 2—4 Bibb, 349.