# Winter v. Mobile Savings Bank.

*Action on Common Counts.*

1. *Common counts; when recovery may be had under.*—Under the common counts there can be no recovery, if there is a special contract open and unrescinded, embracing the same subject matter; if, however, the contract has been executed and nothing remains but payment of money by the defendant, resort may be had to the common counts.

2. *Same; replication, what bad.*—To a complaint counting on the common counts, the defendant pleaded, among other things, the statute of limitations, failure of consideration, and that consideration of plaintiff's claim was for Confederate treasury notes, deposited by plaintiff with defendant, which defendant was ready and offered to return. The plaintiff replied generally to each plea, and specially in substance, that she deposited the money under a special contract, which provided, among other things, that a certain number of days notice was necessary to place the bank in default for not paying on demand; that interest would commence ten days after deposit, without demand, if remaining more than four months, and varying according to the length of time the deposit remained, and interest to be compounded annually at five per cent. The breach alleged is a demand before suit, of the deposit, and interest compounded annually at five per cent. and a refusal.

*Held:* The replication was a departure from the complaint, and neither traversed, confessed and avoided the pleas or set up matters of estoppel, but introduced a new cause of action; for both of which reasons demurrers were properly sustained to the replication.

APPEAL from Mobile Circuit Court.

Tried before Hon. JOHN ELLIOTT.

The case is stated in the opinion.

ALEXANDER McKINSTRY, for appellant.

P. HAMILTON, *contra.*

BRICKELL, C. J.—The case presents a singular state of
pleadings. The complaint contains three counts—the first,
a general count, on an account, not disclosing its considera-
tion; the second, a count for money loaned; the third, a
count on an account stated. The defendant pleaded eleven
different pleas, including the general issue, payment, want
of consideration, failure of consideration, set off, accord and
satisfaction, the statute of limitations of six years—of three
years—that the consideration of the plaintiff's claim was
Confederate treasury notes, and in different forms, that the
claim was because of a deposit by plaintiff with defendant
of Confederate treasury notes, and that defendant was ready
and willing and had offered to return them. The plaintiff
replied generally to each plea, and specially, in substance,
that on the first of January, 1861, she had on deposit with
defendant for savings and interest nine hundred dollars—
that this deposit was shown by a voucher and receipt in
writing, which is set out at length, together with the terms
and stipulations on which the deposit was made and accepted.
Of these terms, those now material are, that deposits of sav-
ings for interest were payable back only on three days' notice
for three hundred dollars, and one additional day's notice
for each additional hundred dollars up to $1,500. If the
deposit equaled or exceeded twenty-five dollars, and it re-
mained twelve months, it bore five per cent. interest, and if
left less, and more than four months, it bore a smaller rate
of interest, depending on the length of time it remained.
The interest was to be compounded annually on the first day
of February. Ten days were deducted in the computation
of interest, to allow the bank time for investment. The
breach alleged is that the plaintiff, on the first day of Febru-
ary, 1872, demanded payment of her deposit, with interest
compounded annually at five per cent., which the defendant
refused. The replication contains many other averments
not necessary to be noticed. The defendant demurred to it,
assigning twenty-one different causes of demurrer, two of
which only we shall consider—first, that it is a departure
from the complaint, or, sets up a new and different cause of
action, from that alleged in the complaint—second, that it
neither traverses, confesses or avoids the matters set up in
the pleas.

It is an elementary principle of pleading, that a replication
must not depart from the allegations in the complaint or

[Winter v. Mobile Savings Bank.]

declaration, in any matter necessary to a recovery.—1 Chit. Pl. 643. A departure in pleading is said to be when a party quits or departs from the case or defense which he has first made, and has recourse to another; it occurs when the replication or rejoinder, &c., contains matter not pursuant to the declaration or plea, and which does not support and fortify it.—Ib., *McAden v. Gibson*, 5 Ala. 344. The complaint contains only the common counts, and on these there can not be a recovery, if there is a special contract open and unrescinded, embracing the same subject matter.—2 Green. Ev. § 103 ; *Clements v. Eslava*, 4 Port. 502 ; *Snedicor v. Leachman*, 10 Ala. 332. So long as the contract remains executory, the plaintiff must declare specially ; it is only when it has been executed, and nothing remains but the payment of money, by the defendant, *which is nothing more than the law would imply against him*, that resort may be had to the common counts. 2 Green. Ev. § 104.

A simple deposit of moneys with a bank to the credit of the depositor, creates between the depositor and the bank the relation of debtor and creditor. The money is loaned to the bank, ceases to be the property of the depositor, becomes that of the bank, and the bank is merely the simple contract debtor of the depositor.—Addison on Contracts, 417, 544–5 ; *Marine Bank v. Fulton Bank*, 2 Wall. 252 ; *Wray v. Tuskegee Ins. Co.* 34 Ala. 64. Such a deposit, after demand made, or after notice of the unwillingness of the bank to pay on demand, may doubtless be recovered in *indebitatus assumpsit* for money loaned.—Morse on Banks, 28–9. In the absence of an express promise, the law would imply the promise to pay, with interest from the demand, or of notice that a demand would be fruitless. If there was an express promise so to pay, it would be nothing more than the law would imply from the transaction, and hence the demand would be recoverable on the common count for money loaned, or money had and received. The law never presumes or implies a promise, if an express agreement is shown.—2 Green. Ev. § 103 ; *Shumake v. Nelms*, 25 Ala. 126. The replication discloses an express agreement, requiring special averments to set out a breach, authorizing a recovery, and this special agreement varies materially from the promise the law would imply. If the transaction had been a simple, general deposit, the promise the law would imply would give a right of action immediately on a refusal to pay—no notice of the demand would be necessary. Under the special agreement nine days notice is necessary to place the bank in default. A general deposit would not bear interest until demand made, or notice of an unwillingness to pay. The special agreement entitles

[Adams v. Thomas.]

the depositor to interest, without demand made, from the expiration of ten days after it was made, if it remains four months; and the rate of interest is matter of contract, varying according to whether the deposit remains more or less than twelve months.    The law would imply a promise to pay the rate of interest prescribed by law, and to pay simple interest only.    The special agreement limits the interest to five per cent. per annum, and it is compounded annually, this mode of contracting being authorized by the charter of the bank.    The replication discloses a cause of action, recoverable only on a special count setting out the agreement, and disclosing its breach.    It departs from the complaint and assigns a new cause of action, on which a recovery could not be had under either of its counts.    The demurrer to it was therefore properly sustained.    Nor did the court err in excluding the evidence of the special agreement.    It was not admissible under the complaint.    It discloses a cause of action not recoverable under it.

A replication must either traverse or confess and avoid the matter pleaded, or present matter of estoppel thereto.—1 Chit. Pl. 647.    This replication neither traverses, confesses and avoids, or presents matter of estoppel to the pleas.    It passes them unnoticed and introduces a new cause of action. If this could be allowed the defendant could rejoin new matter of defense, and the record "would be spun into endless prolixity," the parties never reaching an issue.    An amendment of the complaint, counting on the special agreement, with a mere general traverse of the pleas, or a demurrer to such of them as are not supposed to present a defense in law, would have been the proper course for the plaintiff.    As the case is now presented by the pleadings, the judgment must be affirmed.