# Barbour & Son *v.* Washington Fire and Marine Insurance Company.

*Action on Promissory Note, by Indorsee against Maker.*

1. *Plea of payment, and replication thereto.*—In an action on a promissory note, by an indorsee against the maker, a general plea of payment, in the form given in the Code (Form No. 27; p. 706), must be understood to aver a payment which was valid and operative as against the plaintiff, and a general replication to it imposes on the defendant the burden of proving such a payment ; but a special replication, which only avers that, before the payment was made, and before the maturity of the note, the plaintiff had become the holder for valuable consideration, is no answer to the plea, and is demurrable.

2. *Payment of note ; when valid against assignee.*—A payment of a promissory note to the payee, made before maturity, but after the note has been assigned for valuable consideration, or made after maturity, but with notice or knowledge of the assignment, is not available as against the assignee.

APPEAL from Circuit Court of Choctaw.

Tried before the Hon. LUTHER R. SMITH.

This action was brought by the appellee, a corporation chartered under the laws of Alabama, and doing business in the city of Mobile, against James F. Barbour & Son as partners ; was commenced on the 6th April, 1876, and was founded on the defendants' two promissory notes, each for $500, dated the 8th May, 1875, payable respectively on the 15th December, 1875, and the 1st January, 1876, to the order

[Barbour & Son v. Washington Fire and Marine Insurance Company.]

of T. Eatman & Co., at the Mobile Savings Bank, and assigned by the said Eatman & Co., before maturity, as the complaint alleged, to the plaintiff. The defendants pleaded "that they have paid the debt or demand, for the recovery of which this suit is brought, before the action was commenced." The plaintiff demurred to this plea, but the court overruled the demurrer; and the plaintiff then filed a replication in these words: "And plaintiff says, that previous to the time of the payment alleged by defendants in their said plea, said plaintiff was the holder and *bona fide* purchaser for valuable consideration before maturity of the notes on which this action is founded, which said notes were negotiable and payable in bank; and this the said plaintiff prays may be inquired of by the country." The defendants demurred to this replication, on these grounds: 1st, because it was no answer to the plea; 2d, because it might be true, and yet the plea be good; 3d, because it failed to aver that the payment was not made to the plaintiff. The court overruled the demurrer, and, the defendants declining to rejoin, rendered judgment by *nil dicit* for the plaintiff. These rulings on the pleadings are now assigned as error, with the judgment.

Thos. W. Coleman, for appellants.

Taylor & Macartney, *contra.*

BRICKELL, C. J.—The plea of payment is in the form prescribed by the Code, and must be understood as affirming that a payment of the notes had been made, which was valid and operative against the plaintiff as indorsee. A general replication would have cast on the defendants the burden of proving such a payment. If the payment was made to the payees, after the plaintiff had acquired the notes for value, before maturity; or if after maturity, and with notice or knowledge that the plaintiff was the holder, it would not have been available.—*Ross v. Drinkard*, 35 Ala. 434. The plaintiff unnecessarily resorted to a special replication, which neither traverses, nor confesses, nor avoids the matter of the plea, and was consequently demurrable.—*Mason v. Craig*, 3 Stew. & Port. 389; *Winter v. Mobile Savings Bank*, 54 Ala. 172. Every averment of the replication may be true, and the payment may have been made to the plaintiff. The demurrer to the replication ought to have been sustained.

Reversed and remanded.