# Harold Brothers *v.* Jones Brothers.

*Action for Obstructing Navigable Stream.*

1. *Simple negligence is not willful misconduct; variance* —In an action for obstructing a navigable stream, the complaint alleging that the obstruction was willful, there can be no recovery if the evidence shows that the obstructions arose from mere want of care or inattention on the part of the defendant, since there is a fatal variance between the averments and the proof.

APPEAL from Covington Circuit Court.
Tried before Hon. JOHN P. HUBBARD.

FARNHAM & CRUM, and M. A. RABB, for appellants, cited *Swanson v. Miss. Boom Co.,* 7 L. R. A. 673 ; *Ala. Nav. Co. v. Ga. Pac. R. R. Co.,* 87 Ala. 154.

· [Harold Brothers v. Jones Brothers.]

J. F. JONES, and JOHN GAMBLE, for appellees, cited *Railway Co. v. Hale,* 90 Ala. 8; *G. Pac. Ry. Co. v. Propst,* 90 Ala. 1; *Harold v. Jones,* 86 Ala. 274.

McCLELLAN, J.—The *gravamen* of the present complaint is the *willful* and *intentional* obstruction of a highway by the defendants. The complaint avers that the plaintiffs were running and driving certain rafts of timber on and along Conecuh River, navigable for that purpose, "and that the defendants, *well knowing the premises but* contrary to law wrongfully and unjustly *intending to injure plaintiffs and to prevent them from running and conducting their said four rafts of timber as aforesaid* in, through, over and along said common and public highway wrongfully and injuriously shut, closed and obstructed said public highway by throwing a number of loose logs in said public highway thereby creating obstructions across said public highway known as "jacks" or "jams," and kept continued the said "jacks" or "jams" so shut, closed, and fastened across said public highway, . . . . . whereby the navigation of said river for the purpose of floating, was destroyed for a long period of time, and by reason thereof plaintiffs were prevented rafting their timber for a long period, &c.. &c., to their damage in the sum claimed. The italicization in the quotation from the complaint is ours. No evidence was adduced on the trial in support of, or which by inference or direction tends to support the willful and intentional wrong charged in the complaint. On the contrary the most that can be affirmed of any aspect of the testimony is that it goes to show mere *negligence* on the part of the defendants in handling and controlling timbers which they were endeavoring to float to market or to mills along this river, and that in consequence, not of willfulness or wrong intention, but of a want of care and diligence, resulting from or only amounting to inattention, purposeless supineness, *negligence,* on their part these timbers formed the obstructions complained of. There is therefore a fatal variance between the averments and the proof, and the general affirmative charge requested by defendants, and refused, should have been given.—1 Greenl. Ev. § 51, 63; *Louisville & Nashville R. R. Co. v. Johnston,* 79 Ala. 436; *Louisville & Nashville R. R. Co. v. Coulton,* 86 Ala. 129; *Birmingham Mineral R. R. Co. v. Jacobs,* 92 Ala. 187; *Highland Avenue & Belt R. R. Co. v. Winn,* 93 Ala. 306; *Chicago, Burlington & Quincy R. R. Co. v. Dickson,* 88 Ill. 431.

This conclusion operates a reversal of the judgment of the

[Brown v. Prude.]

Circuit Court, and renders it unnecessary to consider the other question presented by this record.

Reversed and remanded.