# Lewis v. Simon & Co.

### Statutory Action of Detinue.

1. *Pleadings; want of consideration, and not fraud in execution of the note.*—A plea alleging that the defendant executed the note and mortgage on the representation by their agent that plaintiffs would lend him a certain sum of money, which they failed to do, does not show fraud in the execution of the note and mortgage, but the want of consideration therefor.

2. *Joinder in issue; waiver of insufficiency.*—Where plaintiffs do not interpose demurrers to special pleas, but their replication thereto is, in legal effect, a mere joinder in issue upon such pleas, they will be presumed to have waived any defects therein, and the trial must be had without reference to any insufficiency of said pleas.

3. *Abstract charges; not reversible error to give them.*—There is no reversible error in giving charges which assert correct propositions of law, but which, in the particular case given, may be abstract.

4. *Charge to jury.*—When issue is joined on a plea of the failure of consideration, and the defendant testifies that the note and mortgage, which formed the basis of the claim to the property sued for, were executed upon a promise by the plaintiffs' agent that they would lend defendant a certain sum, that plaintiffs had refused to make the loan, and that defendant had received nothing in consideration of the note and mortgage, it is error to refuse a charge asked by the defendant which asserts "If the promise was in fact made by plaintiffs, through their agent, to let defendant have five hundred dollars in money on the mortgage and note, then plaintiffs can not recover."

[Lewis v. Simon & Co.]

5. *Action of detinue; want of consideration for the mortgage as a defense.*—Where the plaintiffs' title in a detinue suit depends upon a mortgage, the defendant mortgagor may, under the provisions of section 2720 of the Code, as amended by act approved February 21, 1898, (Acts 1892–93, p. 1127), defend on the ground of the want or failure of consideration for the mortgage.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

This was a statutory action of detinue brought by the appellees, Laz. Simon & Co., against the appellant; and sought to recover certain described personal property.

To the complaint the defendant pleaded 1st, The general issue; 2d, want of consideration; and 3d, that the plaintiffs had no right, title, interest or claim in the property sued for, nor any possession or right of possession thereto at the commencement of the action. The defendant's fourth plea was as follows: "Fraud in the execution of the note and mortgage, which are the foundation of this suit. And defendant avers that on·or about the 23d day of March, 1892, Jake Simon, representing himself to be the agent of Laz. Simon & Co., and being the agent of plaintiffs, of Louisville, Ky., falsely and fraudulently promised and agreed for them and in their name to let defendant have $500 in money, at that time having no intention to keep said promise, provided defendant would execute a promissory note for $500, payable at the banking house of Josiah Morris & Co. to the order of plaintiffs and secure the same by a mortgage upon certain property, viz., the property sued for in this action. That relying upon this false and fraudulent representation and promise of the said Jake Simon as hereinabove particularly recited, defendant thereupon on, to-wit, the 23d day of March, 1892, did execute a note for $500, payable to the order of Laz. Simon & Co. at the banking house of Josiah Morris & Co. on the 1st day of September, 1892, and did thereupon execute a mortgage bearing even date with said note on the following described personal property, to-wit, all the bar fixtures, glass ware, cash register and an iron safe which defendant was then using in a certain store-house on the west side of Commerce street in the city of Montgomery, Alabama, to secure the payment of said note at the maturity thereof, and defendant avers that said note and mortgage are the foundation of this

action and that plaintiff claims title to the property sued for upon said note and under said mortgage. And defendant avers that he thereupon surrendered said note and mortgage to said Jake Simon, as the agent of plaintiffs, upon the distinct promise and agreement that he would draw on said Laz. Simon & Co. at Louisville, Ky., for said sum of $500, and that he would obtain that sum from said Laz. Simon & Co., the plaintiffs, under and upon said note and mortgage and would promptly pay the same to the defendant ; that a few days thereafter said Jake Simon informed defendant that Laz. Simon & Co. had written him that they were not bankers, and had no money to advance under and upon said note and mortgage, and thereupon promised defendant that he would give said note and mortgage back to defendant, and cancel the same, that he had said papers at his house, and had forgotten to bring them down that morning to defendant, and that defendant need not give himself any uneasiness or alarm on account of the same. And defendant avers that notwithstanding the false and fraudulent representations made by plaintiff's said agent, and notwithstanding the fraud practiced upon defendant in order to procure and induce the execution of said note and mortgage as aforesaid, the plaintiffs fraudulently kept and retained the same and had the mortgage recorded in the probate office of Montgomery county, Alabama. And defendant avers that he has never received any money or other thing of value under said mortgage or upon said note ; that the same are entirely without consideration and void for fraud in the execution thereof as aforesaid."

The plaintiffs demurred to the 4th plea of the defendant, and the demurrers being overruled, they filed replications to the 2d, 3d and 4th pleas. The first replication was a general denial of all the allegations of the said pleas ; and the 2d was in the following language : "For further answer to said 2d and 4th pleas, the plaintiffs say, that heretofore, viz., on the 23d March, 1892, and long prior to that time, the defendant was indebted to the plaintiffs in the sum of about two hundred dollars, evidenced by two promissory notes or bills of exchange, one of which was due on the 25th March, 1892, and the other on the 25th April, 1892. That the said obligation of defendant to plaintiffs had been several

[Lewis v. Simon & Co.]

times renewed on account of the inability of the defend-
ant to pay the same, and that on or about the 23d day
of March, 1892, the defendant proposed to plaintiffs that
if plaintiffs would pay the said two obligations, which
had before that time been discounted, and thereby
further extend the time of payment of said two obliga-
tions, and in addition to the amount thereof would fur-
nish to defendant goods and money, about one-half each,
to the amount of about three hundred dollars more, he,
defendant, would execute to plaintiffs a mortgage on
certain personal property to secure the payment of the
said two obligations and the further advances to be
made. That plaintiffs agreed to the said proposition and
the defendant executed the note and mortgage, the basis
of this suit, or upon which plaintiffs claim their right of
recovery, and delivered the same to plaintiffs. That in
accordance with said agreement, plaintiffs paid for said
defendants the said two obligations, which had before
that time been transferred to the German Bank of Louis-
ville, Ky., and also shipped to the defendant certain
goods, which the defendant refused to receive, but de-
manded of plaintiffs the payment to him, defendant, of
the full sum of three hundred dollars in money,
which plaintiffs refused to do, but offered to comply with
their said contract to furnish said defendant with goods
and money to the amount of the said sum of three hun-
dred dollars in the proportion agreed upon, and plaintiffs
aver that the said two hundred dollars paid by them for
the defendant are still due and unpaid, and are secured
by the said mortgage, and plaintiffs aver that they do
not claim any amount as due on said note and mortgage,
except the amount of the said two obligations, and the
interest thereon.''

On the trial of the case, as is shown by the bill of ex-
ceptions, the plaintiffs introduced in evidence the note
and mortgage, which were signed and duly executed by
the defendant, and which constitute the basis of their
claim to the property sued for; and also in rebuttal to
the defendant's evidence, introduced evidence tending
to support the allegations of the replication No. 2. The
amount of the indebtedness set up by said replication,
as ''about $200,'' the testimony for the plaintiffs tended
to show was evidenced by two notes, which were exe-
cuted by the defendant to the plaintiffs for the sum of

$98.33, each dated January 25, 1892, and payable 60 and 90 days from date.

The defendant's evidence was in conflict with that of the plaintiffs, and tended to support the several defenses set out in the pleas; but also tended to show that the two notes for $98.33 were each presented at maturity, and were not paid.

Upon the introduction of all the evidence the court, at the request of the plaintiffs, gave the following written charges: (1.) "The burden of proving fraud or misrepresentation in obtaining the mortgage, and the burden of proving that there was no consideration for said mortgage, or that the consideration has failed, is upon the defendant, and unless the jury are satisfied from all the evidence, either that there was fraud or misrepresentation in obtaining the mortgage, or that the same was without consideration, or that the consideration for which said mortgage was given has failed, the verdict must be for the plaintiffs." (2.) "The court charges the jury, that there must have been the false or fraudulent representation of some fact as existing or as having existed to constitute fraud and misrepresentation in the execution of the mortgage. A mere promise to perform or do something in the future would not be sufficient." The defendant excepted to the giving of each of these charges, and also separately excepted to the refusal of the court to give each of the following written charges requested by him: (1.) "If plaintiffs demanded of the defendant payment of the two notes in evidence for $98.33, each, at and on the date of maturity, respectively, this, under the facts of this case, will defeat a recovery on the part of plaintiffs." (2.) "If the promise was in fact made by plaintiffs through their agent to let defendant have five hundred dollars in money on the mortgage and note, then plaintiffs can not recover."

There was judgment for the plaintiffs. The defendant appeals, and assigns as error the overruling of the demurrer to the plaintiffs' replication, and the giving of the charges requested by the plaintiffs, and the refusal to give the charges requested by the defendant.

A. A. WILEY and JOHN G. WINTER, for appellant.—The first charge requested by the plaintiffs should not have been given.—*Bray v. Comer*, 82 Ala. 183, 1 So. Rep. 77; *Lehman Bros. v. McQueen*, 65 Ala. 570; *Steed v. Hinson*,

[Lewis v. Simon & Co.]

76 Ala. 298; *Stringfellow v. Ivie,* 73 Ala. 209; *Wilkerson v. Tillman,* 66 Ala. 532. The second charge given at the request of the plaintiffs does not assert a correct proposition of law, and, therefore, should not have been given.— *Manning v. Pippin,* 86 Ala. 357, 5 So. Rep. 572; *Manning v. Pippin,* 95 Ala.537, 11 So. Rep. 56; *Piedmont L. & Imp. Co. v. Piedmont F. & M. Co.,* 96 Ala. 389, 11 So. Rep. 332. When issue is joined on a defective plea, without objection to it, advantage can not be taken of its defects by instructions to the jury—.*Memphis & Charleston R. R. Co. v. Graham,* 94 Ala. 545, 10 So. Rep. 283; *Hughes v. Southern Warehouse Co.,* 94 Ala. 613, 10 So. Rep. 133; *E. T. V. & G. R. R. Co. v. Thompson,* 94 Ala. 636, 10 So. Rep. 280. The second charge requested by the defendant should have been given. The failure or want of consideration was set up in the second plea, and upon this plea plaintiffs joined issue. This is true also of the 4th plea. The testimony for the defendant tended to prove the defense as set up in this second plea, and the second charge should, therefore, have been given. *Harrison v. Hicks,* 1 Port. 423; *Ellington v. Charleston,* 51 Ala. 169; *Burns v. Campbell,* 71 Ala. 285; *Reeves v. Skipper,* 94 Ala. 407, 10 So. Rep. 309; *M. & C. R. R. Co. v. Graham, supra; Hughes v. S. W. Co., supra; E. T. V. & G. R. R. Co. v. Thompson, supra.*

THOS. H. WATTS and CHAS. WILKINSON, *contra.*—The first charge requested by the plaintiffs was properly given. The defendant pleaded that the mortgage was obtained by fraud, and the burden was, therefore, upon him to sustain said pleas.—*Moses v. Katzenberger,* 84 Ala. 95, 4 So. Rep. 237; *Lehman v. McQueen,* 65 Ala. 570; *McWilliams v. Phillips,* 71 Ala. 80; *Shulman v. Brantley,* 50 Ala. 81; *Timberlake v. Brewer,* 59 Ala. 108. The second charge requested by the plaintiffs was properly given.— *Foster v. Johnson,* 70 Ala. 249; *Johnson v. Cook,* 73 Ala. 540; *Smith v. Kirkland,* 81 Ala. 351, 1 So. Rep. 276; *Davis v. Snider,* 70 Ala. 317; *Morris v. Harvey,* 4 Ala. 300–305; *Pacific Guano Co. v. Anglin,* 82 Ala. 494, 1 So. Rep. 852.

COLEMAN, J.—Suit in detinue by appellees to recover personal property. The defendant pleaded, 1st, the general issue; 2d, want of consideration; and, 4th, a

special plea. There was a demurrer to the 4th plea, which being overruled, the plaintiff replied to the 2d and 4th pleas.

In the 4th plea of the defendant, it is averred that plaintiffs' title was derived from a mortgage executed by defendant to plaintiffs to secure a note for five hundred dollars. The beginning of the plea is, "Fraud in the execution of the note and mortgage," &c. It continues then to state the facts of the defense. These facts show that defendant was fully advised of the contents of the note and mortgage and their legal effect before and at the time the same were executed. Accurately speaking, the plea shows by its statement of the facts, that there was no fraud "In the execution of the note and mortgage."—*Smith v. Kirkland*, 81 Ala. 345, 1 So. Rep. 276 ; *Foster v. Johnson*, 70 Ala. 249 ; *Davis v. Snider, Ib.* 315 ; *Johnson v. Cook*, 73 Ala. 537; *Pacific Guano Co. v. Anglin*, 82 Ala. 492, 1 So. Rep. 852; *Morris v. Harvey*, 4 Ala. 300 ; *Kelly v. Mobile Building Asso.*, 64 Ala. 503. The facts stated in the plea, if true, show that the note and mortgage were executed without consideration.

There was no demurrer either to the second or fourth plea, raising the question as to whether in a suit in detinue to recover personal property, the plaintiffs' title resting in a mortgage, want or failure of consideration is an available defense. The replication to these two pleas was merely a more specific statement of facts upon which plaintiffs relied to recover, and was in legal effect a mere joinder in issue.—*Herring v. Skaggs*, 73 Ala. 446; 1 Chitty on Pleading, 624. Treated purely as a replication, it may have been defective.— *Winter v. Mobile Sav. Bank*, 54 Ala. 172 ; *Barbour & Son v. Washington Fire Ins. Co.*, 60 Ala. 433.

There was evidence tending to support plaintiffs' case, and there was evidence tending to support the pleas of the defendant. There was no reversible error in the two charges given at the request of the plaintiffs. Each contained correct propositions of law, although each asserted a proposition of law which might be regarded as abstract. There was no proper plea which set up as a defense "fraud in the execution of the mortgage," and no competent evidence to support a plea of that character.

We think the court erred in refusing the second charge requested by the defendant. If the jury believed the

evidence of the defendant, his pleas of failure of consideration were sustained. He had testified that the note and mortgage were executed upon a promise to loan him five hundred dollars, and that plaintiffs had refused to make the loan, and that defendant had received nothing in consideration for the note and mortgage. In view of this evidence, the charge should have been given. We have said issue was joined on the pleas, and the defendant had the right to a trial of the issues without reference to their sufficiency.—*Reeves v. Skipper*, 94 Ala. 407, 10 So. Rep. 309; *M. & C. R. R. Co. v. Graham*, Ib. 545, 10 So. Rep. 283, and authorities cited.

Quere? When plaintiffs' title in a suit in detinue depends upon a mortgage, can its validity be tried by showing that the mortgagor does not owe the debt, upon the ground of the failure or want of consideration? By act approved January 27th, 1883, (Acts of 1882–83, p. 31), it was provided that where the title of the plaintiff in a detinue suit was derived from a mortgage, the defendant might plead any defense which could have been pleaded to an action to recover the debt. Section 2720 of the Code of 1886 was substituted in the place of the act. The statute as codified is not so clear as the act of the legislature *supra*; but the Code provides that upon the suggestion of the defendant, the jury may be required "to ascertain the amount of the mortgage debt, and such ascertainment must be entered on the record of the judgment, and the court must order that if the debt so ascertained, interest and cost, be paid within thirty days, no execution or other process shall issue on the judgment;"&c. By act approved February 21, 1893, (Acts of 1892–93, p. 1127), section 2720 of the Code of 1886 was amended so that the defendant could plead "to the consideration of the instrument relied upon." The rule as to suits in ejectment under a mortgage, and for the recovery of chattels is not the same.—*Slaughter v. Swift*, 67 Ala. 494; *Jackson v. Scott*, Ib. 99; *Ellington v. Charleston*, 51 Ala. 166; *Burns v. Campbell*, 71 Ala. 271.

Reversed and remanded.