# Lee v. DeBardeleben Coal & Iron Co.

*Action against a Railroad Company by Employé for Personal Injuries.*

1. *Replication to plea of contributory negligence; burden of proof.*— Where, in an action against a railroad by an employé to recover damages for personal injuries, the defendant pleads contributory negligence on the part of the plaintiff, and the plaintiff, instead of joining issue on such plea, files a replication thereto, in which he alleges that defendant knew of his dangerous position at the time of the accident, and was guilty of "wanton recklessness or gross negligence," the burden of proof is not on defendant to show plaintiff's contribu-

[Lee·v. DeBardeleben Coal & Iron Co.]

tory negligence; but the plaintiff, confessing by his replication the facts averred in the plea of contributory negligence, must make good the allegations of his replication by competent evidence.

2. *Motion for a new trial; continuance does not affect jurisdiction.*— Where a motion for a new trial is made within thirty days after judgment rendered, as required by the statute, the court may, by an order of the court made within that time, continue the hearing of such motion beyond the thirty days; and the court will have jurisdiction to consider the motion and enter judgment thereon at the time to which the hearing was continued.

3. *New trials; when set aside on appeal.*—On an appeal from a judgment granting a new trial, this court will not reverse said judgment of the trial court, "unless the evidence plainly and palpably supports the verdict."

APPEAL from the City Court of Birmingham.
Tried before the Hon. W. W. WILKERSON.
All the facts are sufficiently stated in the opinion.

B. M. ALLEN, for appellant.

WALKER PERCY, *contra*, cited *Cobb v. Malone*, 92 Ala. 630.

COLEMAN, J.—The appellant, Lee, recovered a judgment against the appellee, which judgment, upon motion of the appellee, was set aside, and a new trial granted. The present appeal is prosecuted from the order of the court granting a new trial. The cause of action was to recover for personal injuries averred to have been sustained by reason of the negligence of the defendant, and was brought under the employer's liability act. The complaint contains three counts. The defendant pleaded the general issue, and also contributory negligence, to the whole complaint. To the defendant's plea of contributory negligence, the plaintiff replied "that defendant knew of plaintiff's dangerous position at the time of said collision, and was guilty of wanton recklessness or gross negligence in running said locomotive engine across, over, upon or against plaintiff, as aforesaid." The defendant joined issue upon this replication. After the evidence had closed, the court charged the jury "That the burden of proof is on the defendant to show contributory negligence," which charge was excepted to by the defendant. The court refused to instruct the jury

"that plaintiff could not recover unless the jury was reasonably satisfied from the evidence that some one of the train knew that plaintiff was in a dangerous position," &c.

If plaintiff had joined issue upon the defendant's plea of contributory negligence, the burden then, would have devolved upon the defendant to make good this plea.— *Bromley v. Birmingham Min. R. R. Co.*, 95 Ala. 397. Instead of joining issue the plaintiff replied specially. A replication must either traverse, or confess and avoid the matter pleaded, or present matter of estoppel.—*Winter v. Mobile Savings Bank*, 54 Ala. 172. A general replication is a joinder in issue on the plea. "A special replication is a brief statement in plain language of the facts relied on as an answer to the plea."—Code, § 2688. The defendant *is not required to offer evidence in support of facts averred in the plea, which are confessed in the replication to the plea.* In the case of *Dockery v. Day*, 7 Porter 518, the plaintiff declared upon a promissory note to which the defendant pleaded infancy. The plaintiff replied a subsequent promise. This court held that the introduction of the note by the plaintiff did not authorize a recovery, that in addition, he must prove a subsequent promise, as averred in his replication, and that the defendant was not required to prove the facts admitted in the replication. The principle is recognized in the case of *Coster v. Brack*, 19 Ala. 210. The replication confessed the facts averred in the plea of contributory negligence, and to avoid their effect, averred that defendant "knew of plaintiff's dangerous position    *    *    and was guilty of wanton recklessness in running the said locomotive engine or cars upon the defendant," &c.

In the case of the *L. & N. R. R. Co. v. Johnston*, 79 Ala. 436, the principle was declared, that if the complaint averred willful negligence on the part of the conductor, and the proof showed that the conductor was guilty of simple negligence, there was a fatal variance between the complaint and the proof. See *S. & N. R. R. Co. v. Schauffer*, 75 Ala. 136. The rule declared in *Johnston's Case*, 79 Ala., *supra*, was followed in the cases of *Railroad v. Jacobs*, 92 Ala. 187; *Railroad Co. v. Winn*, 93 Ala. 306; *Harold v. Jones*, 97 Ala. 637; *L. & N. R. R. Co. v. Hurt*, 101 Ala. 34.

We do not consider the question as to whether the re-

[Hudson v. Wood.]

plication was a departure from the original complaint, as there was no objection to its sufficiency and competency.—18 Amer. & Eng. .Encyc. of Law, pp. 580–81.

. Under the pleadings the court erred in some of the instructions to the jury and in its refusal to give some of the charges as requested. For these errors, the court properly granted a new trial.

There is no merit in the point, that the court had no jurisdiction to make the order at the time the verdict was set aside and a new trial granted. The motion was made within the thirty days required by the statute, and was continued by an order of the court made within that time to the day when it was considered by the court. We purposely refrain from considering the evidence in the case, lest what we say might unduly influence another trial. We simply repeat the rule declared in the case of *Cobb v. Malone*, 92 Ala. 630, that "decisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict."—*Dillard v. Savage*, 98 Ala. 598.

On this appeal we can not consider the ruling of the court upon the demurrers to the complaint. See on this point, *Dusenberry's Case*, 94 Ala. 413 ; *Mothershed's Case*, 97 Ala. 261.

Affirmed.