# McKimmie *v.* E. E. Forbes Piano Co.

## *Detinue.*

(Decided June 4, 1908. 46 South. 772.)

1. *Sales; Conditional Sales.*—Where an article was sold partly for cash with a note given for the balance retaining the title to the piano in the seller until the note was fully paid, the transaction was a conditional sale.

2. *Detinue; Conditional Sale; Pleading.*—As an answer to an action to recover possession of property sold under a contract retaining title in the seller until full payment be made, a plea alleging that as part of the trade, plaintiff's agent warranted that the property sold was rat proof and sound, that the warranty had been breached, and by reason thereof defendant was damaged in a certain amount, which he pleaded by way of reduction of the amount due on the note, was bad on demurrer.

3. *Pleading; Replication; Office of.*—A replication must either traverse or confess and avoid the matter pleaded or present matter in estoppel thereof.

4. *Detinue; Condition Sale; Pleading; Replication.*—In an action to obtain possession of an article sold under a contract retaining title

in the seller, where the plea alleged a contract of warranty and a breach thereof, with demand for a reduction of the price due on account of the breach of warranty, a replication thereto, that as part of trade between defendant and the buyer, the defendant promised to pay plaintiff the balance due on the article purchased, was insufficient, as it neither traversed, confessed and avoided nor presented matter of estoppel to the matter pleaded.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Detinue by E. E. Forbes Piano Company against R. F. McKimmie, to recover a piano sold by plaintiff to one Pelham under a contract retaining title in the seller until the purchase price is fully paid. The piano was sold by Pelham to the present appellant. There was judgment for plaintiff and defendant appeals. Reversed and remanded.

W. O. MULKEY, for appellant. The only error assigned is as to the action of the court in overruling appellant's demurrer to special replication 2 to plea 2. In support of the insistence attention is directed to.—secs. 1477-8, Code 1896;*Hooper, et al. v. Birchfield,* 115 Ala. 226;*Montgomery v. Gorden,* 51 Ala. 377; Bigelow on Estoppel, 459.

C. D. CARMICHAEL, for appellee. Counsel discusses assignments of error, but without citation of authority.

DENSON, J.—This is an action of detinue, brought by the plaintiff to recover possession of a piano. The instrument was sold by the plaintiff in 1903 to one Pelham for $350, of which sum $250 was paid in cash, and Pelham executed a note to plaintiff for $100, the balance of the purchase price agreed to be paid. By the terms of the note the title to the piano is retained in the plaintiff until the note is paid. This constitutes a conditional sale.—*Riley v. Dillon & Pennell,* 148 Ala. 283, 41 South. 768.

In 1905 Pelham sold the piano to the defendant, who was in possession when the suit was commenced. In addition to the plea of the general issue, the defendant pleaded that, as "a part of the trade whereby plaintiff sold the piano to Pelham, the agent of the plaintiff making the sale warranted that the piano was rat proof and sound." A breach of warranty is averred in the plea, and it is also averred that by reason of such breach defendant was damaged in the sum of $50, "which he pleads in the way of reduction of the amount due on the note, in connection with the suggestion as to the amount due." The demurrer to the plea was well taken, and should have been sustained.—*Troy Grocery Co. v. Potter & Wrightington,* 139 Ala. 359, 36 South. 12. And it may be that the plea is subject to other grounds of demurrer which were not interposed. 9 Cyc. 372 (C), note 82; *Brock v. Forbes,* 126 Ala. 319, 28 South. 590; 30 Am. & Eng. Ency. Law, p. 134, VI, and note 1, on p. 135; Benjamin on Sales (7th Ed.) p. 962. But the court overruled the demurrer to the plea, and the plaintiff joined issue thereon and replied specially, and demurrer to the replication was overruled. From verdict and judgment for plaintiff, the defendant has appealed.

The only error assigned relates to the action of the court overruling defendant's demurrer to the special replication. In this state of the record, we only have for consideration the sufficiency, or not, of a replication filed to a bad plea. The gist of the replication is that "as a part of the trade between defendant and Pelham in the purchase of the piano defendant promised to pay plaintiff the balance of $100 due on the piano." A replication must either traverse or confess and avoid the matter pleaded, or present matter of estoppel thereto.— *Winter v. Mobile Saving Bank,* 54 Ala. 172; *Barbour v. Washington, etc., Co.* 60 Ala. 433; *Lee v. De Bardeleben,*

102 Ala. 628, 15 South. 270. It is clear that the replication in judgment does not traverse the plea, nor does it confess and avoid it. The only question, then, is: Does the matter set up constitute an estoppel against the defense set up in the plea? 8 Ency. Pl. & Pr. 5, and note to the text. So far as the replication goes, the contract of warranty was made as alleged in the plea, and the damage accrued to the plaintiff as is there alleged, and all this is consistent with the proposition that the defendant promised Pelham to pay plaintiff the balance due on the note. While the plaintiff might have sued on the promise as one made for its benefit, the fact as shown by the record is it has not done so, but relies on the title reserved by the note given by Pelham; and this is wholly inconsistent with the idea of reliance on the promise alleged. Consequently the replication fails to show that the plaintiff acted to its prejudice on account of the promise, or that it was induced by the promise to act differently from what it otherwise would have done; and, failing in these respects, it is insufficient. The demurrer takes the point, and the court erred in overruling it. 8 Ency. Pl. & Pr. 11, and cases cited in note 6 to the text.

For this error, the judgment is reversed, and the cause remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.