(88 South. 871)

### BURNETT & BEAN v. MILLER.
### (5 Div. 783.)

(Supreme Court of Alabama.   April 21, 1921.)

**1. Set-off and counterclaim ⊚⇒27(1) — Damages recoverable by plea of recoupment.**

A plea of recoupment may be interposed, under Code 1907, §§ 5858, 5860, for damages either growing out of the matter set forth in the complaint, or arising from plaintiff's breach of contract on which the suit is founded, or from the violation of a duty imposed by the contract.

**2. Pleading ⊚⇒143—Plea of recoupment must contain same averment which would have made it a good complaint.**

Plea of recoupment, under Code 1907,`§§ 5858, 5860, must contain the same averment which would make it a good complaint in an action on the claim in the first instance.

**3. Contracts ⊚⇒198(2)—To make building repairs in a "good and workmanlike manner" construed.**

Agreement to make repairs on building in a "good and workmanlike manner" required contractor to do the work in the same manner that a person skilled in doing such work would do it, and in a manner generally considered skillful by those capable of judging such work in the community of the performance.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good and Workmanlike Manner.]

**4. Pleading ⊚⇒143—Plea of recoupment for damages from negligence in making repairs to house held sufficient.**

In contractors' action for work and labor done in making repairs and alterations on a house, owner's plea of recoupment that defendant had a claim against plaintiffs growing out of the transaction upon which the suit was based, that plaintiffs had been employed to do the work in a "good and workmanlike manner," that plaintiffs did such work "in a negligent and unskillful manner, and that as a proximate consequence thereof" the owner was damaged, *held* sufficient as against contention it was not alleged that the work was not done by plaintiffs as directed by defendant, that it was not shown in what the negligence consisted which proximately caused her damages, and that it was not averred with exactness or definitely in what manner or defect defendant was damaged.

**5. Pleading ⊚⇒173 — Replication must either traverse, or confess and avoid, or present matter of estoppel.**

A replication must either traverse or confess and avoid the matter pleaded, or present matter of estoppel thereto.

**6. Contracts ⊚⇒345—Contractor's replication, setting up that owner was estopped from claiming that repairs were negligently made, held defective.**

In contractor's action for work and labor done in making repairs and alterations on house, in which defendant filed plea of recoupment, claiming damages for the negligent man-ner in which the work was done, replication setting up estoppel, alleging that defendant was present when the work was in progress and directed "most" of the work done, *held* defective, in that the work that was done when defendant was not present and did not direct might have been the work alleged to have been negligently done.

**7. Evidence ⊚⇒498—Testimony as to difference in value of house and what its value would have been if work had been done in workmanlike manner admissible.**

In action between contractor and owner, in which owner claimed damages for contractor's failure to make repairs and alterations in a workmanlike manner, a witness was properly permitted to state the difference in the value of the property and what its value would have been if the work had been done in a good and workmanlike manner.

**8. Appeal and error ⊚⇒231(3)—Objection to admission of evidence must be specific.**

Admission of evidence, as against a general objection, will not be considered on appeal.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Assumpsit by Burnett & Bean against Dalee Miller. Judgment for defendant, and plaintiffs appeal. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Complaint was on the common counts for work and labor done and sought also to establish a lien. The following is replication No. 2:

Plaintiffs for reply to defendant's said plea numbered 3 saith that the defendant contracted with them to perform certain work on her house, and that these plaintiffs informed defendant before starting the work on same that the condition of the house and kind of lumber and material furnished plaintiffs by defendant to do the work would not produce a neat and proportioned job, and that it would not be even, and that the sides would not be of uniform length, and that defendant was present and when the work was in progress, and directed most of the work done, and insisted that the work be performed as it was done. Wherefore plaintiffs pray judgment for the sum sued for in the complaint.

J. B. Atkinson, of Clanton, for appellants.

Court erred in overruling demurrers to plea 3.  171 Ala. 260, 55 South. 170.  Court erred in sustaining demurrers to replication No. 2.  155 Ala. 259, 46 South. 772.  Court erred in its ruling on the evidence.  186 Ala. 409, 65 South. 141; 161 Ala. 130, 49 South. 880; 151 Ala. 407, 44 South. 392.

Lawrence F. Gerald, of Clanton, for appellee.

Cases cited by appellant justify the rulings on the pleadings.  There was no error in the ruling on the evidence.  145 Ala. 449, 40

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

South. 402; 119 Ala. 260, 24 South. 858; 164 Ala. 84, 51 South. 385; 166 Ala. 651, 51 South. 880.

THOMAS, J. The trial was upon the common counts, to which the defendant had pleaded the general issue and recoupment. Demurrer to the latter plea being overruled, plaintiffs replied by the general replication (Code, 1907, § 5338), and sought to reply by special replication No. 2, setting up estoppel, to which demurrer was sustained. These rulings are assigned and argued as error.

In the plea of recoupment it was averred that at the time of the institution of the suit defendant had a claim against plaintiffs "growing out of the transaction upon which this suit is based," and which is offered to be recouped "against the amount claimed in the complaint [and] as she asks for judgment for the excess," averring:

That "the plaintiffs were employed by her to do certain work on the property described in the complaint, in repairing, building additions to, or beautifying the building on said premises, and that plaintiffs were to do said work in a good and workmanlike manner"; that "plaintiffs did said work in a negligent and unskillful manner, and that as a proximate consequence thereof she was damaged * * *; that said damages were proximately caused by the negligent, unskillful manner of the said building by plaintiff, which negligence consisted in this: That plaintiff failed to do said work in a skillful and workmanlike manner."

Grounds of demurrer challenging the plea are that it is not averred that the work was not done by plaintiffs as directed by defendant; that it is not shown in what the negligence consisted which proximately caused her damages; and it is not averred "with exactness or definitely in what manner or defect defendant received her damage."

[1, 2] Under the statute there may be a judgment over on a plea of set-off or recoupment, for mutual debts, or liquidated or unliquidated demands, not sounding in damages merely (West v. Cowan, 189 Ala. 138, 66 South. 816; Middleton v. Foshee, 192 Ala. 265, 68 South. 890), subsisting between the parties at the commencement of the suit, whether arising ex delicto or ex contractu. The damages claimed may grow out of the matter set forth in the complaint, or arise from plaintiff's breach of contract on which suit is founded, or from violation of a duty imposed by the contract. Code 1907, §§ 5858, 5860. The pleading necessary to such defense must contain the same averments which would make it a good complaint, if the claim sought to be set off or recouped were a suit brought thereon in the first instance. J. C. Lysle Milling Co. v. North Ala. Grocery Co., 201 Ala. 222, 223, 77 South. 748.

[3, 4] The duty of plaintiffs averred under the instant contract was to make the repairs of the building in a "good and workmanlike manner." The words "good and workmanlike manner" as used in this and other contracts in this jurisdiction, for the performance of the discharge of the particular service, mean that the same shall be done as a person skilled in that business should do it—in a manner generally considered skillful by those capable of judging such work in the community of the performance. Fitzgerald v. La Porte, 64 Ark. 34, 40 S. W. 261. See, also, Shores Lbr. Co. v. Stitt, 102 Wis. 450, 78 N. W. 562; Aughinbaugh v. Coppenhaffer, 55 Pa. (5 P. F. Smith), 347; Smith v. Clark, 58 Mo. 145; Somerby v. Tappan, Wright (Ohio) 229. And the breach of duty averred is that the plaintiffs' work was done in "a negligent and unskillful manner," proximately causing defendant to be damaged as claimed. This generality of averment is permissible in a complaint and in a plea of set-off or recoupment. T. C. I. & R. R. Co. v. Moore, 194 Ala. 134, 69 South. 540; Wilson v. Gulf States Steel Co., 194 Ala. 311, 69 South. 921; T. C. I. & R. R. Co. v. Smith, 171 Ala. 251, 259, 55 South. 170; Schmidt v. Mobile L. & R. R. Co., 204 Ala. 694, 87 South. 181. The plea was not subject to grounds of demurrer directed thereto.

[5, 6] A replication must either traverse or confess and avoid the matter pleaded, or present matter of estoppel thereto. McKimmie v. Forbes Piano Co., 155 Ala. 259, 261, 46 South. 772; Lee v. De Bardeleben C. & I. Co., 102 Ala. 628, 15 South. 270; Barbour & Son v. Washington E. & M. I. Co., 60 Ala. 433; Winter v. Mobile Sav. Bank, 54 Ala. 172; Mason v. Craig, 3 Stew. & P. 389. Replication 3 is defective as an estoppel in averring that defendant was present when the work was in progress and directed most of the work done. Under this pleading, inartificially drawn, non constat the work that was done when defendant was not present and did not direct was that which was negligently done, and which caused the damages of which complaint is made. It was subject to grounds of demurrer assigned. The other matter sought to be set up in the replication was admissible under the traverse of the plea. Long v. Myers, 202 Ala. 238, 80 South. 76.

[7] Assignments of error predicated on the failure of the court to sustain plaintiffs' objection to the questions propounded to Mr. Plier and Mr. Kemp, are as follows:

"Q. Now, Mr. Plier, I will ask you to state to the jury what difference, if any, there was in the value of this property of Mrs. Miller, in the condition that it is in, and what it would have been, if the material used down there that you saw had been put into the place in a good and workmanlike manner?"

The plaintiffs then and there duly and legally objected to said question, on the ground that it was illegal, irrelevant, and incompe-

tent, and the court then and there overruled said objections, and the plaintiffs duly and legally excepted to the court's said ruling. The witness answered:

"If it had been put in workmanlike manner it would have been worth a couple of hundred dollars more."

Plaintiffs moved the court to exclude the answer, the court overruled the motion, and plaintiffs duly excepted. The question and answer was one way of proving the value of the house with and without the improvements, made the basis of the suit, and of which this witness was permitted to give his opinion. B. R. L. & P. Co. v. Sprague, 196 Ala. 148, 72 South. 96; Welch v. Evans Bros. Const. Co., 189 Ala. 548, 66 South. 517; Krebs Mfg. Co. v. Brown, 108 Ala. 508, 18 South. 659, 54 Am. St. Rep. 188; Abbott's Civil Jury Trials (3d Ed.) p. 465, § 65; 13 Cyc. pp. 210, 211, 17 C. J. pp. 1038, 1039. See, also, Zimmern v. Standard Motor Car Co., 88 South. 743;[1] Montgomery St. Ry. Co. v. Hastings, 138 Ala. 432, 35 South. 412; Ala. Great Sou. v. Johnston, 128 Ala. 283, 29 South. 771; Central of Ga. Ry. Co. v. Keyton, 148 Ala. 675, 41 South. 918;[2] Town of Eutaw v. Botnick, 150 Ala. 429, 43 South. 739; City of Huntsville v. Pulley, 187 Ala. 367, 65 South. 405; City of Tuscaloosa v. Hill, 14 Ala. App. 541, 69 South. 486; L. R. A. 1917C, 992, note. Authorities holding that a witness should not, in general, be allowed to state that the property has or has not been damaged or benefited, but should state its condition and leave the conclusion to the jury, are Sloss-S. S. & I. Co. v. Mitchell, 181 Ala. 576, 585, 61 South. 934; Houston v. Elrod, 203 Ala. 41, 81 South. 831; A & B. A. L. Ry. Co. v. Brown, 158 Ala. 607, 48 South. 73; Central of Ga. Ry. Co. v. Keyton, supra; Gosdin v. Williams, 151 Ala. 592, 44 South. 611.

[8] To Mr. Kemp was propounded the question:

"Now, taking into consideration only the new part of the house there, what would you say the difference in value is between the value of the house at that time when you examined it and the value that the house would have been if the new part had been constructed in a skillful and workmanlike manner, with the material used?"

To said question plaintiffs then and there duly and legally objected, and the court overruled said objection, and the witness answered, "I would say from $100 to $125." The plaintiffs moved the court to exclude said answer as evidence, and the court overruled said motion, to which action of the court the plaintiffs duly excepted. The objection to the latter question was general, and the ruling is not for review. Adams Hdw. Co. v. Wimbish, 201 Ala. 548, 78 South. 901. However, the question called for competent evidence.

Finding no reversible error, the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

---

[1] Ante, p. 580.
[2] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in the Alabama Reports.

